LOUISIANA NATURAL GAS PIPELINE, INC., Appellant,

v.

BLUDWORTH BOND SHIPYARD, INC., Appellee.

No. 01–93–01026–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 21, 1994.

Rehearing Denied May 26, 1994.

Leonard J. Meyer, Elizabeth M. Bruman, Houston, for appellant.

Bill R. Bludworth, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and HUTSON–DUNN, JJ.

## OPINION

HUTSON–DUNN, Justice.

This is an appeal from a summary judgment awarded to Bludworth Bond Shipyard, Inc. (Bludworth), appellee, against Louisiana Natural Gas Pipeline, Inc. (LNGP), appellant. A statement of the uncontroverted facts is necessary before considering appellant's points on appeal.

In 1991, LNGP hired Bludworth to restore LNGP'S ship, *Rhea*. After work began, disputes arose, which both parties agreed to arbitrate. The arbitrators issued initial findings awarding Bludworth $57,195.67. Bludworth collected this award out of a letter of credit that LNGP had secured.

On the request of Bludworth, and after hearing additional testimony from LNGP's expert witness, the arbitrators amended their original award; LNGP was now liable to Bludworth for $82,057.65. LNGP has refused to pay the $24,861.98, the difference between the first and second arbitration awards.

LNGP then brought the current suit against Bludworth alleging violations of the Deceptive Trade Practices Act (DTPA), breach of express and implied warranties, and breach of contract. Bludworth counterclaimed for the balance due under the amended arbitration award.

Bludworth filed a motion for summary judgment. It argued that by the terms of the arbitration agreement, they had agreed

to arbitrate these claims and that all of the claims asserted by LNGP were barred. It also contended that it was entitled to a summary judgment on its counterclaim. As exhibits, Bludworth attached the amended arbitration award, a copy of the American Arbitration Association Commercial Arbitration Rules, and the affidavit of Harold Bludworth, president of Bludworth Inc. The affidavit states that the two parties "agreed to binding arbitration of all disputes between the parties relating to the quality and authorization for repair work done on the vessel 'Rhea' and payment therefor." The arbitration agreement is also part of their motion. It states, "Bludworth and LNGP disagree as to the quality and authorization of the repair work and the amount due therefor."

LNGP responded to the motion and argued that fact issues existed about whether LNGP's claims were encompassed in the agreement to arbitrate and the subject matter actually arbitrated, and whether the findings of the arbitrators included the claims. LNGP attached the affidavit of Gary Becker, their attorney, which stated that LNGP did not agree to arbitrate any issues other than the amounts owed for repairs and that it did not assert DTPA or warranty claims at that time. It attached a copy of the arbitration briefs presented to the arbitrators. As to the counterclaim, it contended that there were fact issues regarding Bludworth's basis of recovery of the additional money awarded by the arbitrators' amendments because the arbitrators did not have authority to reopen the case. It asserted the doctrines of payment, waiver, ratification, and estoppel also, and attached affidavits asserting relevant facts in connection with these arguments.

Bludworth filed a response arguing that the arbitrators did have authority to change the award and that their counterclaim was not barred by the doctrines of payment, waiver, ratification, and estoppel. It attached the affidavit of David Redford, one of the arbitrators, who stated facts relevant to procedures taken when the award was amended.

The court granted a summary judgment for Bludworth, dismissing LNGP's claims and awarding Bludworth $24,861.98. LNGP brings 11 points of error in this appeal from the summary judgment.

The standards for reviewing a motion for summary judgment are well established. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). A defendant-movant must present summary judgment proof establishing, as a matter of law, that there is no genuine issue of material fact on one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). If the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972). Conversely, a counter-plaintiff must establish as a matter of law that no issue of fact exists as to any issue and that it is entitled to judgment as a matter of law on each element of its claim. *American Medical Electronics, Inc. v. Korn*, 819 S.W.2d 573, 576 (Tex. App.—Dallas 1991, writ denied). On appeal, evidence favorable to the nonmovant will be taken as true; every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control & Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex. App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

In points of error one through three, LNGP argues that the trial court erred in dismissing its claims against Bludworth because a fact issue exists with regard to whether the parties agreed to arbitrate those

claims. At a motion to compel arbitration, a trial court may make a summary decision about the applicability of an arbitration clause. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex.1992). The supreme court stated:

> [W]e hold that the trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts.

*Id.* at 269.

LNGP asserts that there is a fact issue about whether these claims fall within the scope of the arbitration agreement because it has presented affidavits that state that its present claims were not arbitrated and were not asserted at that time. It argues that its affidavit "controverts the material facts necessary to determine" this issue; therefore, an evidentiary hearing is required. *Jack B. Anglin Co.*, 842 S.W.2d at 269.

 *Jack B. Anglin Co.*, reviews a decision on a motion to compel arbitration prior to trial. It is not a case involving whether a particular claim has previously been arbitrated. Rather, it deals with whether a particular claim falls within the scope of an arbitration agreement. Contrary to appellant's assertion, this Court is not required to determine whether a particular claim has been arbitrated in order to determine the scope of an arbitration agreement. Rather, this Court should first look at the present claims asserted by LNGP to see if they fall within the scope of the agreement, *id.*, independent of what may have been previously arbitrated. After this determination, the court then can ascertain whether the claim has been arbitrated. *Jack B. Anglin Co.*, only teaches this Court how to make the first determination.

 We believe that this is a case of contract interpretation. If the instrument is worded so that it can be given an exact or certain legal interpretation then it is not ambiguous and a court can construe the contract as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983); *Hill Const., Inc. v. Stonhard*, 833 S.W.2d 742, 745 (Tex.App.— Houston [1st Dist.] 1992, writ denied). Parol evidence may only be introduced into evidence if a contract is ambiguous. *Massey v. Massey*, 807 S.W.2d 391, 405 (Tex.App.— Houston [1st Dist.] 1991), *writ denied per curiam*, 867 S.W.2d 766 (Tex.1993). No one has pled or argued that the arbitration agreement is ambiguous. Therefore, we cannot look to any affidavits to determine the intent of the parties to the agreement or to determine what was or might have been arbitrated.

 Again, the arbitration agreement states, in pertinent part, that "Bludworth and LNGP disagree as to the quality and authorization of the repair work and the amount due therefor." It also states that the dispute shall be resolved by arbitration no later than May 15, 1992.

LNGP's petition alleges the following:

Bludworth Bond engaged in false, misleading or deceptive acts or practices in the conduct of its trade or commerce with LNGP, which were producing causes of damages to LNGP, in the following respects: (a) representing that goods and services had characteristics, uses, benefits or quantities which they did not have; (b) representing that goods and services were of a particular standard, quality and grade when they were of another; (c) representing that the agreement between LNGP and Bludworth Bond involved rights, remedies and obligations which it did not have or involve; (d) representing that warranties conferred or involved rights and remedies which they did not have or involve; and (e) failing to disclose information concerning the goods and services which were known to Bludworth Bond at the time of the transaction when such failure to disclose was intended to induce LNGP into a transaction in which LNGP would not otherwise have entered.

Bludworth Bond breached both expressed and implied warranties because the materials and goods sold were not merchantable nor were they suitable for the purposes for which they were acquired,

and the services were not performed in a good and workmanlike manner, all of which breaches were a producing cause of damages to LNGP.

Bludworth Bond also engaged in an unconscionable course of action and conduct that was a producing cause of damages to Bludworth Bond.

Bludworth Bond breached both implied and express warranties existing under Chapter 2 of the Tex.Bus.Com. Code.

Bludworth Bond's conduct described above was in breach of its contract with LNGP, which caused damages to LNGP in an amount in excess of the minimum jurisdictional limits of this Court, for which LNGP seeks recovery.

We find that all of these allegations refer to either the quality or authorization of the work, or the amount due. LNGP contracted to arbitrate these disputes with Bludworth under the arbitration agreement.

We overrule points of error one through three.

It is unnecessary for us to address points of error four and five due to our disposition of the above points of error.

In points of error six through 11, appellant argues that the trial judge erred in granting judgment against it on Bludworth's counterclaim for the unpaid amount in the amended arbitration award. It argues first that there are fact issues regarding whether the arbitration panel had authority to amend the award. It also asserts estoppel, release, ratification, and waiver.

■ The Texas General Arbitration Act states that a party may make application to a court to vacate an arbitration award. TEX. REV.CIV.STAT.ANN. art. 237 (Vernon 1973). Section B states that the application must be made to the court within 90 days after receipt of a copy of the award, or if the application is grounded upon corruption, fraud, or other undue means, the application must be made within 90 days after such grounds are known or should have been known. *Id.* This statute has been referred to as a limitations period. *See International Union of Elec., Radio and Mach. Workers v. Ingram Mfg. Co.,* 715 F.2d 886, 888 (5th Cir.1983),

*cert. denied,* 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 184 (1984). The arbitration act also states that a court may confirm an award upon application of a party unless grounds are urged for vacating, modifying, or correcting the award within the time limits specified in other articles. TEX.REV.CIV.STAT.ANN. art. 236 (Vernon 1973). This supports the argument that the legislature intended the 90-day period in article 237 to be a limitations period after which a party cannot ask a court to vacate an arbitration award.

The petition in this case was filed on March 30, 1993. The amended arbitration findings and awards were signed on August 6, 1992. We hold that LGNP has not followed proper procedure and that they may not use this law suit to vacate the amended award.

We overrule points of error six through 11.

We affirm the judgment.