Affirmed and Memorandum Opinion filed April 17, 2003









Affirmed and Memorandum Opinion filed April 17, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00509-CV

____________

 

GENERAL UNIVERSAL SYSTEMS, INC., Appellant

 

V.

 

MERRILL LYNCH, PIERCE, FENNER &
SMITH, INC., Appellee

 



 

On Appeal from the 151st District

Harris County, Texas

Trial Court Cause No. 2000-10220

 



 

M E M O R A N D U M   O
P I N I O N








Appellant, General Universal Systems, Inc. (“GUS”), appeals a
judgment on an arbitration award rendered pursuant to the regulations of the
National Association of Securities Dealers (“NASD”).  The trial court awarded appellee, Merrill
Lynch, Pierce, Fenner & Smith, Inc., $4,904.38 for the principal due, the
NASD fee of $575.00, prejudgment and postjudgment interest, and $1,050.00 in
attorneys’ fees as provided under the NASD award.  GUS argues the pleadings are insufficient
because, in the body of the pleadings, Merrill Lynch sought judgment against
Dr. Eli Nassar (GUS=s president), rather than against GUS.  GUS also claims due process and statutory
violations based on allegedly inadequate notice of the arbitration
proceedings.  We conclude the pleadings
are sufficient to support the judgment, and GUS received adequate notice of the
arbitration award but did not make proper and timely challenge to it.  We affirm.




DISCUSSION

Issue One:  Sufficiency
of the Pleadings

In issue one, GUS contends the pleadings in state district
court are insufficient to support the judgment because in the body of its
pleadings, Merrill Lynch sought judgment against Nassar, rather than against
GUS.  Merrill Lynch argues the judgment
does conform to the pleadings because Merrill Lynch sought judgment under the
award, which was attached to its application for entry of judgment.

  We view the pleadings
as a whole.  Wilson v. McCracken,
713 S.W.2d 394, 395 (Tex. App.CHouston [14th Dist.] 1986, no writ).  The application for entry of judgment on
arbitration award is styled, “Merrill Lynch, Pierce, Fenner & Smith, Inc.,
vs. General Universal Systems, Inc.”  GUS
is listed as the only defendant under the parties section in the application.
The arbitration award on which Merrill Lynch sought to recover was referenced
in, and attached to, the application for entry of judgment.  The final judgment states it was Aon Arbitration Award.@ 
In the Arbitration Award, GUS is identified as the sole respondent; and
Merrill Lynch, as the sole claimant.  The
Award recites that the respondent is liable and shall pay to the claimant
$4,904.38, interest at the rate of ten percent per annum, the filing fee of
$575.00, and $1,050.00 in attorneys= fees.  We agree with Merrill Lynch that the judgment
does conform to the pleadings.  See
Cockrell v. Estavez, 737 S.W.2d 138, 139 (Tex. App.CSan Antonio 1987, no writ) (looking
to attached document in process of rejecting appellant=s claim judgment did not conform to
the pleadings).

We overrule issue one.








Issues Two through Four: Sufficiency of Notice of the
Arbitration and of the Award

In issue two, GUS contends it was denied due process by not
being served with any notice of the arbitration proceeding.  In issue three, GUS contends Merrill Lynch
did not comply with the Texas Arbitration Act because it did not give GUS
notice of the request for arbitration by registered or certified mail.  In issue four, GUS contends Merrill Lynch
presented no evidence of proper notice of the arbitration request, proceedings,
or award to support entry of judgment on the award.

The account at issue involves the purchase, sale, and holding
of securities.  Accordingly, Merrill
Lynch argues the Federal Arbitration Act, not the Texas Arbitration Act,
applies.  See Thomas James Assocs.,
Inc., v. Owens, 1 S.W.3d 315, 319 (Tex. App.CDallas 1999, no pet.).  GUS points to no provision in the Federal
Arbitration Act requiring service of the statement of claim or the award by
registered or certified mail, and we have found none.

In addition, arbitration was before the NASD.  Under the NASD rules, after the claimant
files the necessary documents and deposit, the director of arbitration is to
serve “promptly by mail or otherwise” a copy of the submission agreement and
one copy of the statement of claim on the respondent.  See NASD Code of Arbitration Procedure
Rule10314(a)  According to the award, GUS
was served with the statement of claim and overdue notice by regular mail.








Finally, GUS is seeking vacation of the arbitration award,
either through reversal and rendition or, alternatively, through a remand for a
new arbitration proceeding.  Although the
Texas Arbitration Act may allow vacation of an arbitration award if the hearing
was conducted in violation of the notice provisions in section 171.044, the
Federal Arbitration Act does not contain a similar provision.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 171.044, .088 (Vernon Supp.
2003).  Cf.  9 U.S.C.A. ' 10 (West 1999); Gingiss Int’l,
Inc. v. Bormet, 58 F.3d 328, 332 (7th Cir. 1995) (holding inadequate notice
not a ground for vacation of an award under Federal Arbitration Act section
10).

Even were GUS=s claim subject to the provisions of the Texas Arbitration
Act, however, his motion to vacate was untimely filed under that act,
which  provides that a party must make
application to vacate “not later than the 90th day after the date of delivery
of a copy of the award to the applicant.” 
Tex. Civ. Prac. & Rem. Code
Ann. ' 171.088(b) (Vernon Supp. 2003).  The ninety day requirement in ' 171.088 has been referred to as a
limitations period.  See Louisiana
Natural Gas Pipeline, Inc., v. Bludworth Bond Shipyard, Inc., 875 S.W.2d
458, 462 (Tex. App.CHouston [1st Dist.] 1994, writ denied). After the limitations
period has expired, a party cannot ask a court to vacate an arbitration award. Id.

The citation in the present case shows Merrill Lynch=s application for judgment on the
award was served March 16, 2000.[1]  The award was attached as Exhibit A to the
application for judgment.  Nassar, GUS=s registered agent, testified a
customer told Nassar about the process server leaving the papers.  Nassar further testified he “took these
papers and . . . found out that it was a service on General Universal Systems.”  Even if one assumes Nassar did not receive
notice of the award until March 16, 2000, his motion to vacate the award, filed
95 days later on June 19, 2000, was untimely.[2]

We overrule appellant=s issues two through four.








We affirm the judgment of the trial court.

 

 

/s/        John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 17, 2003. 

Panel consists of
Justices Yates, Anderson, and Fowler.

 

 











[1]  In his
affidavits, R. Wayne Bruce, the process server, stated he served the citation
on March 14, 2000.  According to the
citation, however, March 14, 2000, was the date Bruce received the
citation.  





[2]  Nassar=s motion to vacate was also untimely under the Federal
Arbitration Act.  See 9
U.S.C.A. ' 12 (West 1999) (providing notice of motion to vacate must be served
within three months after award is filed or delivered).