COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.  2-09-052-CV

 

 

LESLIE CLINT SLAY                                                             APPELLANT

 

                                                   V.

 

NATIONSTAR MORTGAGE,
L.L.C.,                                           APPELLEE

F/K/A CENTEX HOME EQUITY 

COMPANY, L.L.C.

 

                                              ------------

 

            FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant
Leslie Clint Slay (ASlay@)
appeals a summary judgment in favor of Appellee Nationstar Mortgage, L.L.C.
f/k/a Centex Home Equity Company, L.L.C. (ANationstar@).  In seven points, Slay contends the trial
court erred by granting summary judgment for Nationstar because Nationstar=s
pleading amendment was untimely, the statute of limitations bars Nationstar=s
claims, Slay cannot have personal liability relating to a home equity loan, and
the arbitrator exceeded his authority and displayed manifest disregard for the
law.  We affirm.

II.  Background

Slay
obtained a home equity loan from Nationstar on October 23, 2001.  Slay defaulted on the loan, and Nationstar
gave notice of intent to accelerate. Nationstar thereafter accelerated the loan
on August 5, 2003.  That same day,
Nationstar filed an application for foreclosure of the lien pursuant to Texas
Rule of Civil Procedure 736.  Slay
responded to Nationstar=s foreclosure application by
filing a lawsuit against Nationstar and alleging the loan and lien were
void.  Nationstar removed Slay=s
lawsuit to federal court and successfully moved to compel arbitration, but Slay
did not initiate arbitration.  In
November 2004, Slay filed a new lawsuit against Nationstar alleging the loan
and lien were void.

Nationstar
ultimately initiated an arbitration against Slay on August 23, 2006.  Nationstar sought recovery of its attorneys= fees
and asked for declarations that, among other things, Slay had no defenses to
Nationstar=s foreclosure action.  Slay answered and counter-claimed in the
arbitration.








On March
29, 2007, the arbitrator entered an award finding, among other things, that the
loan, note, and security instrument did not violate the Texas constitution and
that Slay was not entitled to recover on any of his claims.  The arbitrator also awarded $36,054.85 in
attorneys= fees and costs to Nationstar
and ordered that Slay bear personal liability for the award of attorneys= fees
and costs.  Slay did not file an
application or motion to vacate, modify, or correct the arbitrator=s award.


On July
11, 2007, Nationstar filed suit to enforce the arbitrator=s award.
Nationstar=s original petition sought to
enforce the arbitrator=s award and asked for non-judicial
foreclosure of the loan on Slay=s
homestead.  On August 15, 2007, Slay
counter-claimed and asked to have the arbitrator=s award
disregarded.  Nationstar filed a motion
for summary judgment in May 2008, and the trial court granted summary judgment
on June 20, 2008, for a judicial foreclosure.  On July 3, 2008, Nationstar sought and was
granted leave to amend its pleadings to seek judicial foreclosure and filed a
supplement to its motion for summary judgment seeking judicial
foreclosure.  The trial court signed a
second summary judgment on July 9, 2008, that expressly stated that it Areplace[d]
and supercede[d] any prior summary judgment order.@








Slay
filed a motion to vacate the July 9, 2008 summary judgment order on August 11,
2008.  The trial court granted Slay=s motion
on October 14, 2008, and vacated both the June 20, 2008 and July 9, 2008 orders
granting summary judgment to Nationstar.[2]  On October 20, 2008, relying on its July 3,
2008 amended petition, Nationstar filed an amended motion for summary judgment
seeking judgment for a judicial foreclosure. 
After a hearing on Nationstar=s
amended motion, the trial court signed a final summary judgment for Nationstar
on November 20, 2008. 

III.  Pleading Amendments and Trial by Consent

In his
first, second, and third points, and in part of his fifth point, Slay complains
of Nationstar=s July 2008 pleading
amendments.  Specifically, Slay contends
the trial court should not have granted Nationstar leave to amend its pleadings
because (1) the trial court had already rendered judgment in June 2008, (2) the
amendment was untimely and prejudicial to Slay, (3) there was no trial by
consent of a claim for judicial foreclosure, and (4) granting leave was Acontrary
to established summary judgment procedure.@  








Each of
Slay=s
arguments relate to the June 20 and July 9, 2008 summary judgments that the
trial court vacated on October 14, 2008. 
But A[a] judgment that has been
vacated has no legal effect@ and Athe
matter stands precisely as if there had been no judgment.@  Pringle v. Moon, 158 S.W.3d 607, 610
(Tex. App.CFort Worth 2005, no pet.); see
also In re Hidalgo, 279 S.W.3d 456, 461 (Tex. App.CDallas
2009, pet. filed) (AAn order setting aside or
vacating a judgment returns the parties to the position they occupied before
rendition of the judgment and leaves the case as if no judgment had been
rendered.@).  Thus, Slay=s
complaints concerning the trial court=s grant
of leave to Nationstar to amend its pleadings are moot.  See In re Gunnstaks, No. 05-07-01289-CV,
2010 WL 22795, at *3 (Tex. App.CDallas
Jan. 6, 2010, no pet. h.) (mem. op.) (dismissing as moot an appeal from a
sanctions order previously vacated by the trial court).








In the
remainder of his fifth point, Slay cites rule 67 of the rules of civil
procedure and contends there was no trial by consent of a judicial foreclosure
claim in the November 20, 2008 summary judgment proceeding.[3]  However, Nationstar filed its amended
petition and motion for leave on July 3, 2008, and the trial court granted
leave for Nationstar to amend its pleadings on July 9, 2008.  Therefore, Nationstar=s
pleadings included a claim for judicial foreclosure at the time of the November
20, 2008 summary judgment, and rule 67 does not apply.  See Tex. R. Civ. P. 67.  We overrule Slay=s first,
second, third, and fifth points.

IV.  Statute of Limitations

Slay
argues in his fourth point that the trial court erred by granting judgment to
Nationstar because the statute of limitations bars Nationstar=s
foreclosure claim.  Citing section 16.035
of the civil practice and remedies code, Slay argues any foreclosure must have
occurred within four years of August 5, 2003, the date upon which Nationstar
accelerated the loan.  Slay concedes that
Nationstar filed suit on July 11, 2007, but he contends that Ano
lawful non-judicial foreclosure could be effected@ after
August 5, 2007, and that Aa judicial foreclosure should be
barred if sought after, at the very latest, August 5, 2007.@ 








Section
16.035(a) of the civil practice and remedies code states: AA person
must bring suit for the recovery of real property under a real property lien or
the foreclosure of a real property lien not later than four years after the day
the cause of action accrues.@  Tex. Civ. Prac. & Rem. Code Ann. ' 16.035(a)
(Vernon 2002).  Section 16.035(d)
provides that the real property lien becomes void on the expiration of the
four-year limitations period.  Id.
' 16.035(d).  If, as here, a loan secured by real property
contains an optional acceleration clause, Athe
action accrues only when the holder actually exercises its option to
accelerate.@ 
Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566
(Tex. 2001).  








Nationstar
accelerated the note on August 5, 2003, and Nationstar filed its lawsuit to
enforce the arbitrator=s award and to obtain
non-judicial foreclosure on July 11, 2007. 
Therefore, Nationstar filed suit within four years of acceleration.  The plain language of section 16.035(a) does
not require that the actual foreclosure occur within the four-year limitation
period, but rather, requires only that the party seeking foreclosure Abring
suit . . . not later than four years after the day the cause of action accrues.@  Tex. Civ. Prac. & Rem. Code Ann. ' 16.035(a).  Furthermore, because Nationstar=s July
2008 amended pleading, which asserted a claim for judicial foreclosure, was not
Awholly based
on a new, distinct, or different transaction or occurrence,@
Nationstar=s July 2008 amended pleading
related back to Nationstar=s timely-filed
original petition.[4]  Id. ' 16.068
(Vernon 2008) (providing that an amended or supplemental pleading relates back
to a timely-filed petition unless the amended or supplemental pleading Ais
wholly based on a new, distinct, or different transaction or occurrence@); see
also Brewster v. Columbia Med. Ctr. of McKinney Subsidiary, L.P., 269
S.W.3d 314, 317B18 (Tex. App.CDallas
2008, no pet.) (stating, for purposes of section 16.068, that Aa >transaction= is
defined as a set of facts that gives rise to the cause of action premised
thereon@).  We overrule Slay=s fourth
point.

V.  The Arbitrator=s Award

Slay
argues in his sixth and seventh points that the trial court erred by granting
summary judgment for Nationstar because he cannot be personally liable for
Nationstar=s attorneys= fees
and costs since the loan is a home equity loan and because the arbitrator
exceeded his authority and displayed manifest disregard for the law.[5]  Nationstar responds that Slay is barred from
asserting this argument because he did not timely file an application or motion
to vacate, modify, or correct the arbitrator=s
award.  We agree with Nationstar.








Nationstar
asserts the arbitration agreement in this case is governed by the Federal
Arbitration Act, but we need not decide whether the Federal Arbitration Act or
the Texas Arbitration Act controls.  Both
acts require a party to file a motion or application to vacate, modify, or
correct the arbitrator=s award within a set time after
the award is filed or delivered (three months under the federal act and ninety
days under the Texas act).  See 9
U.S.C. ' 12
(2006); Tex. Civ. Prac. & Rem. Code Ann. ' 171.088(b)
(Vernon 2005).  A party who fails to
timely seek to vacate, modify, or correct an arbitrator=s award
forfeits his right to seek judicial review of the award.  See Mauldin v. MBNA Am. Bank, N.A.,
No. 02-07-00208-CV, 2008 WL 4779614, at *3 (Tex. App.CFort
Worth 2008, no pet.) (mem. op.); La. Natural Gas Pipeline, Inc. v. Bludworth
Bond Shipyard, Inc., 875 S.W.2d 458, 462 (Tex. App.CHouston
[1st Dist.] 1994, writ denied).

In this
case, the arbitrator=s award is dated March 29,
2007.  Even assuming Slay=s
original answer and counterclaim constituted a motion to vacate, modify, or
correct the arbitrator=s award, Slay did not file his
original answer and counterclaim until August 15, 2007.  Thus, Slay did not seek to vacate, modify, or
correct the arbitrator=s award within three months or
ninety days of the award and forfeited his right to seek judicial review of the
arbitrator=s award.  Mauldin, 2008 WL 4779614, at *3; La.
Natural Gas Pipeline, Inc., 875 S.W.2d at 462.  We overrule Slay=s sixth
and seventh points.








VI.  Conclusion

Having
overruled each of Slay=s seven points, we affirm the
trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:      DAUPHINOT, GARDNER,
and MCCOY, JJ.

 

DELIVERED:  February 25, 2010











[1]See Tex. R. App. P. 47.4.





[2]Slay=s motion to vacate sought
to vacate only the July 9, 2008 order and did not seek to vacate the June 20,
2008 order.  However, the trial court=s October 14, 2008 order
states, in part, that Asince the July 9, 2008
Summary Judgment was structured as a replacement of this Court=s Summary Judgment of
June 20, 2008, such earlier summary judgment should also be vacated.  Therefore, the Court sua sponte VACATES
the Summary Judgment of June 20, 2008.@





[3]Rule 67 states: AWhen issues not raised by
the pleadings are tried by express or implied consent of the parties, they
shall be treated in all respects as if they had been raised in the pleadings.@  Tex. R. Civ. P. 67.  





[4]Nationstar sought
foreclosure of the same lien against the same real property in both its July
2007 original petition and its July 2008 amended petition. 





[5]Specifically, Slay
contends the arbitrator=s award of $36,054.85 in
attorneys= fees and costs to
Nationstar violates article XVI section 50(a)(6)(C) of the Texas constitution
because the award makes him personally liable for damages relating to a home
equity loan.  Article XVI section
50(a)(6)(C) states:

 

(a) The homestead of a
family, or of a single adult person, shall be, and is hereby protected from
forced sale, for the payment of all debts except for: (6) an extension of
credit that: (C) is without recourse for personal liability against each owner
and the spouse of each owner, unless the owner or spouse obtained the extension
of credit by actual fraud; . . .

 

Tex.
Const. art. XVI ' 50(a)(6)(C).