

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-052-CV

LESLIE CLINT SLAY                                                    APPELLANT

V.

NATIONSTAR MORTGAGE, L.L.C.,                                          APPELLEE
F/K/A CENTEX HOME EQUITY
COMPANY, L.L.C.

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellant Leslie Clint Slay ("Slay") appeals a summary judgment in favor

of Appellee Nationstar Mortgage, L.L.C. f/k/a Centex Home Equity Company,

L.L.C. ("Nationstar"). In seven points, Slay contends the trial court erred by

---

[1] *See* Tex. R. App. P. 47.4.

granting summary judgment for Nationstar because Nationstar's pleading amendment was untimely, the statute of limitations bars Nationstar's claims, Slay cannot have personal liability relating to a home equity loan, and the arbitrator exceeded his authority and displayed manifest disregard for the law. We affirm.

## II. Background

Slay obtained a home equity loan from Nationstar on October 23, 2001. Slay defaulted on the loan, and Nationstar gave notice of intent to accelerate. Nationstar thereafter accelerated the loan on August 5, 2003. That same day, Nationstar filed an application for foreclosure of the lien pursuant to Texas Rule of Civil Procedure 736. Slay responded to Nationstar's foreclosure application by filing a lawsuit against Nationstar and alleging the loan and lien were void. Nationstar removed Slay's lawsuit to federal court and successfully moved to compel arbitration, but Slay did not initiate arbitration. In November 2004, Slay filed a new lawsuit against Nationstar alleging the loan and lien were void.

Nationstar ultimately initiated an arbitration against Slay on August 23, 2006. Nationstar sought recovery of its attorneys' fees and asked for declarations that, among other things, Slay had no defenses to Nationstar's foreclosure action. Slay answered and counter-claimed in the arbitration.

2

On March 29, 2007, the arbitrator entered an award finding, among other things, that the loan, note, and security instrument did not violate the Texas constitution and that Slay was not entitled to recover on any of his claims. The arbitrator also awarded $36,054.85 in attorneys' fees and costs to Nationstar and ordered that Slay bear personal liability for the award of attorneys' fees and costs. Slay did not file an application or motion to vacate, modify, or correct the arbitrator's award.

On July 11, 2007, Nationstar filed suit to enforce the arbitrator's award. Nationstar's original petition sought to enforce the arbitrator's award and asked for *non-judicial* foreclosure of the loan on Slay's homestead. On August 15, 2007, Slay counter-claimed and asked to have the arbitrator's award disregarded. Nationstar filed a motion for summary judgment in May 2008, and the trial court granted summary judgment on June 20, 2008, for a *judicial* foreclosure. On July 3, 2008, Nationstar sought and was granted leave to amend its pleadings to seek judicial foreclosure and filed a supplement to its motion for summary judgment seeking judicial foreclosure. The trial court signed a second summary judgment on July 9, 2008, that expressly stated that it "replace[d] and supercede[d] any prior summary judgment order."

Slay filed a motion to vacate the July 9, 2008 summary judgment order on August 11, 2008. The trial court granted Slay's motion on October 14,

3

2008, and vacated both the June 20, 2008 and July 9, 2008 orders granting summary judgment to Nationstar.[2] On October 20, 2008, relying on its July 3, 2008 amended petition, Nationstar filed an amended motion for summary judgment seeking judgment for a judicial foreclosure. After a hearing on Nationstar's amended motion, the trial court signed a final summary judgment for Nationstar on November 20, 2008.

### III. Pleading Amendments and Trial by Consent

In his first, second, and third points, and in part of his fifth point, Slay complains of Nationstar's July 2008 pleading amendments. Specifically, Slay contends the trial court should not have granted Nationstar leave to amend its pleadings because (1) the trial court had already rendered judgment in June 2008, (2) the amendment was untimely and prejudicial to Slay, (3) there was no trial by consent of a claim for judicial foreclosure, and (4) granting leave was "contrary to established summary judgment procedure."

Each of Slay's arguments relate to the June 20 and July 9, 2008 summary judgments that the trial court vacated on October 14, 2008. But "[a]

---

[2] Slay's motion to vacate sought to vacate only the July 9, 2008 order and did not seek to vacate the June 20, 2008 order. However, the trial court's October 14, 2008 order states, in part, that "since the July 9, 2008 Summary Judgment was structured as a replacement of this Court's Summary Judgment of June 20, 2008, such earlier summary judgment should also be vacated. Therefore, the Court *sua sponte* VACATES the Summary Judgment of June 20, 2008."

judgment that has been vacated has no legal effect" and "the matter stands precisely as if there had been no judgment." *Pringle v. Moon*, 158 S.W.3d 607, 610 (Tex. App.—Fort Worth 2005, no pet.); *see also In re Hidalgo*, 279 S.W.3d 456, 461 (Tex. App.—Dallas 2009, pet. filed) ("An order setting aside or vacating a judgment returns the parties to the position they occupied before rendition of the judgment and leaves the case as if no judgment had been rendered."). Thus, Slay's complaints concerning the trial court's grant of leave to Nationstar to amend its pleadings are moot. *See In re Gunnstaks*, No. 05-07-01289-CV, 2010 WL 22795, at *3 (Tex. App.—Dallas Jan. 6, 2010, no pet. h.) (mem. op.) (dismissing as moot an appeal from a sanctions order previously vacated by the trial court).

In the remainder of his fifth point, Slay cites rule 67 of the rules of civil procedure and contends there was no trial by consent of a judicial foreclosure claim in the November 20, 2008 summary judgment proceeding.[3] However, Nationstar filed its amended petition and motion for leave on July 3, 2008, and the trial court granted leave for Nationstar to amend its pleadings on July 9, 2008. Therefore, Nationstar's pleadings included a claim for judicial foreclosure at the time of the November 20, 2008 summary judgment, and rule 67 does

---

[3] Rule 67 states: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Tex. R. Civ. P. 67.

not apply.  *See* Tex. R. Civ. P. 67.  We overrule Slay's first, second, third, and fifth points.

## IV.  Statute of Limitations

Slay argues in his fourth point that the trial court erred by granting judgment to Nationstar because the statute of limitations bars Nationstar's foreclosure claim.  Citing section 16.035 of the civil practice and remedies code, Slay argues any foreclosure must have occurred within four years of August 5, 2003, the date upon which Nationstar accelerated the loan.  Slay concedes that Nationstar filed suit on July 11, 2007, but he contends that "no lawful non-judicial foreclosure could be effected" after August 5, 2007, and that "a judicial foreclosure should be barred if sought after, at the very latest, August 5, 2007."

Section 16.035(a) of the civil practice and remedies code states: "A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues."  Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a) (Vernon 2002).  Section 16.035(d) provides that the real property lien becomes void on the expiration of the four-year limitations period.  *Id.* § 16.035(d).  If, as here, a loan secured by real property contains an optional acceleration clause, "the action accrues only when the holder actually exercises

6

its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

Nationstar accelerated the note on August 5, 2003, and Nationstar filed its lawsuit to enforce the arbitrator's award and to obtain non-judicial foreclosure on July 11, 2007. Therefore, Nationstar filed suit within four years of acceleration. The plain language of section 16.035(a) does not require that the actual foreclosure occur within the four-year limitation period, but rather, requires only that the party seeking foreclosure "bring suit . . . not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a). Furthermore, because Nationstar's July 2008 amended pleading, which asserted a claim for judicial foreclosure, was not "wholly based on a new, distinct, or different transaction or occurrence," Nationstar's July 2008 amended pleading related back to Nationstar's timely-filed original petition.[4] *Id.* § 16.068 (Vernon 2008) (providing that an amended or supplemental pleading relates back to a timely-filed petition unless the amended or supplemental pleading "is wholly based on a new, distinct, or different transaction or occurrence"); *see also Brewster v. Columbia Med. Ctr. of McKinney Subsidiary, L.P.*, 269 S.W.3d 314, 317–18 (Tex. App.—Dallas

---

[4] Nationstar sought foreclosure of the same lien against the same real property in both its July 2007 original petition and its July 2008 amended petition.

7

2008, no pet.) (stating, for purposes of section 16.068, that "a 'transaction' is defined as a set of facts that gives rise to the cause of action premised thereon"). We overrule Slay's fourth point.

## V. The Arbitrator's Award

Slay argues in his sixth and seventh points that the trial court erred by granting summary judgment for Nationstar because he cannot be personally liable for Nationstar's attorneys' fees and costs since the loan is a home equity loan and because the arbitrator exceeded his authority and displayed manifest disregard for the law.[5] Nationstar responds that Slay is barred from asserting this argument because he did not timely file an application or motion to vacate, modify, or correct the arbitrator's award. We agree with Nationstar.

Nationstar asserts the arbitration agreement in this case is governed by the Federal Arbitration Act, but we need not decide whether the Federal

---

[5] Specifically, Slay contends the arbitrator's award of $36,054.85 in attorneys' fees and costs to Nationstar violates article XVI section 50(a)(6)(C) of the Texas constitution because the award makes him personally liable for damages relating to a home equity loan. Article XVI section 50(a)(6)(C) states:

> (a) The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for: (6) an extension of credit that: (C) is without recourse for personal liability against each owner and the spouse of each owner, unless the owner or spouse obtained the extension of credit by actual fraud; . . .

Tex. Const. art. XVI § 50(a)(6)(C).

Arbitration Act or the Texas Arbitration Act controls. Both acts require a party to file a motion or application to vacate, modify, or correct the arbitrator's award within a set time after the award is filed or delivered (three months under the federal act and ninety days under the Texas act). *See* 9 U.S.C. § 12 (2006); Tex. Civ. Prac. & Rem. Code Ann. § 171.088(b) (Vernon 2005). A party who fails to timely seek to vacate, modify, or correct an arbitrator's award forfeits his right to seek judicial review of the award. *See Mauldin v. MBNA Am. Bank, N.A.*, No. 02-07-00208-CV, 2008 WL 4779614, at *3 (Tex. App.—Fort Worth 2008, no pet.) (mem. op.); *La. Natural Gas Pipeline, Inc. v. Bludworth Bond Shipyard, Inc.*, 875 S.W.2d 458, 462 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

In this case, the arbitrator's award is dated March 29, 2007. Even assuming Slay's original answer and counterclaim constituted a motion to vacate, modify, or correct the arbitrator's award, Slay did not file his original answer and counterclaim until August 15, 2007. Thus, Slay did not seek to vacate, modify, or correct the arbitrator's award within three months or ninety days of the award and forfeited his right to seek judicial review of the arbitrator's award. *Mauldin*, 2008 WL 4779614, at *3; *La. Natural Gas Pipeline, Inc.*, 875 S.W.2d at 462. We overrule Slay's sixth and seventh points.

## VI. Conclusion

Having overruled each of Slay's seven points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:    DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  February 25, 2010