**Opinion issued June 4, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00795-CV

_____

## BOB BENNETT & ASSOCIATES, P.C. AND BOB BENNETT, Appellants

## V.

## GARY O. LAND, Appellee

On Appeal from the 125th District Court
Harris County, Texas
Trial Court Case No. 2012-20006

## MEMORANDUM OPINION

Bob Bennett & Associates, P.C. and Bob Bennett appeal the trial court's

judgment confirming an arbitration award in favor of Gary O. Land. Appellants

identify one issue on appeal, with a number of sub-issues, challenging the confirmation of the award.

We affirm.

## Background Summary

Gary O. Land retained the legal services of Bob Bennett & Associates, P.C. and Bob Bennett (collectively, "Appellants") to represent Land in a matter involving a possible civil rights violation and a federal investigation of Land. Land also retained Appellants to assist in a commercial dispute in Potter County, Texas.

On February 10, 2011, Land signed an attorney retainer and fee agreement ("the Fee Agreement") with Appellants. Among other matters, the Agreement addressed the scope of Appellants' representation of Land and set out how fees and expenses would be calculated and billed. The Agreement also contained an arbitration provision, which provided, in part, as follows:

> In order to facilitate a quick and inexpensive resolution of any disputes concerning this Agreement, the parties agree that any disputes arising out of the Agreement, whether contractual or tortious in nature will be resolved by submission to binding arbitration pursuant to the rules of the Houston Bar Association Fee Dispute Committee. . . . To further clarify our Agreement on arbitration, arbitration would apply to any controversy, claim or dispute in the course and scope of the business relationship or arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this Agreement to arbitrate.

Our dispute shall be determined by arbitration in Houston, Texas before a panel selected by, and per the rules of the Houston Bar Association Fee Dispute Committee, in accordance with the laws of the State of Texas for Agreements made in and to be performed in Texas. "Disputes" shall include, without limitation, those involving fees, costs, billing, and breach of ethical or fiduciary duties. The arbitration shall be administered by the Houston Bar Association Fee Dispute Committee, pursuant to its Rules and Regulations. . . .

As required by the Fee Agreement, Land paid a $50,000 retainer to the firm. Appellants commenced providing services to Land for which Land was invoiced. After some time, the $50,000 retainer was exhausted. However, Appellants continued to provide services to Land.

On August 3, 2011, Land sent a letter to Appellants stating that he was terminating Appellants' representation of him. Land indicated in the letter that he disagreed with the fees that Appellants had charged him. Land retained another attorney to represent him in the fee dispute with Appellants. New counsel sent a letter to Appellants requesting a fee reduction of $35,000. The letter also requested Appellants to refund a portion of the retainer Land had paid.

As permitted by the Fee Agreement, Land initiated the arbitration process by filing a fee dispute complaint with the Houston Bar Association's Fee Dispute Committee. In the complaint, Land stated that the amount of fees in dispute was $70,998.31. Land sought the return of $35,000 of the $50,000 in fees that he had paid the firm. Appellants consented to the arbitration and filed an arbitral counter-claim, alleging that Land owed the firm $25,787.50 in unpaid fees.

3

The matter was assigned to an Arbitration Panel comprised of two attorneys and one non-attorney. The arbitration hearing occurred over the course of three days. Land appeared and testified at the hearing by telephonic conference call. Bob Bennett also testified at the hearing. In addition, Appellants offered the affidavits of several attorneys indicating that the fees charged by Appellants were reasonable. The Arbitration Panel also considered documentary evidence, including invoices sent by Appellant to Land.

The Arbitration Panel issued its written Arbitration Award on January 3, 2012. The panel awarded Land $27,500 and expressly awarded Appellants nothing on the counter-claim.

Rule 7.03 of the Rules and Regulations of the Houston Bar Association's Fee Dispute Committee provides that a party may apply to the Fee Dispute Committee Chair for a modification or correction of an arbitration decision. On February 3, 2012, Appellants filed a motion for modification and correction ("modification motion") of the Arbitration Award. The Arbitration Panel issued an order denying the modification motion on March 2, 2012. The Arbitration Award remained unchanged. The order also included a 17 page explanation, detailing the grounds for the panel's January 3, 2012 Arbitration Award.

On April 4, 2012, Land filed a motion to confirm the Arbitration Award in the trial court. Appellants answered and filed an application for vacatur of the

4

award on April 27, 2012. The parties then filed a series of responses and replies regarding whether the Arbitration Award should be confirmed. After a hearing, the trial court signed an order granting Land's motion to confirm and "enter[ing] judgment in accordance with the [A]rbitration [A]ward."

Appellants now appeal the judgment. They identify one issue with a number of sub-issues in which they assert that the trial court erred by confirming the Arbitration Award. Specifically, Appellants contend that the trial court erred by confirming the award because the arbitrators exceeded the scope of their authority, demonstrated partiality to Land, did not permit Appellants to finish cross-examining Land, and committed gross mistake.

## Judicial Review of Arbitration Award

### A. Scope and Standard of Review

Texas law favors the arbitration of disputes. *Jones v. Brelsford*, 390 S.W.3d 486, 491–92 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *E. Tex. Salt Water Disposal Co., Inc. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010); *Brazoria Cnty. v. Knutson*, 176 S.W.2d 740, 743 (Tex. 1943)). As a result, judicial review of an arbitration award is extraordinarily narrow and focuses on the integrity of the process, not the propriety of the result. *Id.* at 492 (citing *Women's Reg'l Healthcare, P.A. v. FemPartners of N. Tex., Inc.*, 175 S.W.3d 365, 367–68 (Tex. App.—Houston [1st Dist.] 2005, no pet.)). We review a trial court's decision to

5

confirm or to vacate an arbitration award de novo. *Ouzenne v. Haynes*, No. 01–10–00112–CV, 2012 WL 1249420, at *1 (Tex. App.—Houston [1st Dist.] Apr. 12, 2012, pet. denied) (mem. op.) (citing *In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 397 (Tex. App.—Dallas 2009, pet. denied)). We examine the entire record in making such review. *Id.*

Every reasonable presumption must be indulged to uphold the arbitrator's decision, and none is indulged against it. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 245 (Tex. 2002); *New Med. Horizons II, Ltd. v. Jacobson*, 317 S.W.3d 421, 428 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Review of an arbitration award is so limited that even a mistake of fact or law by the arbitrator is not a proper ground for vacating an award. *Universal Computer Sys., Inc. v. Dealer Solutions, L.L.C.*, 183 S.W.3d 741, 752 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

## B. Timeliness of the Challenge

Land moved for confirmation of the Arbitration Award pursuant to section 171.087 of the Texas General Arbitration Act ("TGAA").[1] Section 171.087 provides, "Unless grounds are offered for vacating, modifying, or correcting an

---

[1] The Fee Agreement states that a dispute under the agreement should be determined by arbitration in accordance with the law of Texas. The parties each rely on the Texas General Arbitration Act and appear to agree that it governs this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001–.098 (Vernon 2011). Appellants also challenge the Arbitration Award on the common-law ground of gross mistake, which is discussed *infra.*

award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award." TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (Vernon 2011).

Appellants asserted in the trial court that the Arbitration Award should be vacated pursuant to section 171.088. That section provides,

(a) On application of a party, the court shall vacate an award if:

(1) the award was obtained by corruption, fraud, or other undue means;

(2) the rights of a party were prejudiced by:

(A) evident partiality by an arbitrator appointed as a neutral arbitrator;

(B) corruption in an arbitrator; or

(C) misconduct or wilful misbehavior of an arbitrator;

(3) the arbitrators:

(A) exceeded their powers;

(B) refused to postpone the hearing after a showing of sufficient cause for the postponement;

(C) refused to hear evidence material to the controversy; or

(D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or

(4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and

7

the party did not participate in the arbitration hearing without raising the objection.

(b) A party must make an application under this section not later than the 90th day after the date of delivery of a copy of the award to the applicant. A party must make an application under Subsection (a)(1) not later than the 90th day after the date the grounds for the application are known or should have been known.

(c) If the application to vacate is denied and a motion to modify or correct the award is not pending, the court shall confirm the award.

*Id.* at § 171.088 (footnote omitted).

Appellants identify three statutory grounds as reasons to vacate—and not to confirm—the Arbitration Award:

- The Arbitration Panel exceeded its authority (*see id.* § 171.088(a)(3)(A));

- The Arbitration Panel was not impartial (*see id.* § 171.088(a)(2)(A));

- The panel conducted the arbitration contrary to TGAA section 171.047 because Appellants were denied the right to finish cross-examining Land (*see id.* § 171.088(a)(3)(D)).

As he did in the trial court, Land points out that Appellants did not timely file the application to vacate within 90 days of receiving a copy of the Arbitration Award, as required by section 171.088(b). We have held that the 90-day period is a limitations period after which a party no longer has a right to petition a court to vacate an arbitration award; that is, the applicant no longer has the right to judicial

8

review of the decision. [2] *See New Med. Horizons II, Ltd. v. Jacobson*, 317 S.W.3d 421, 428 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *La. Natural Gas Pipeline, Inc. v. Bludworth Bond Shipyard, Inc*., 875 S.W.2d 458, 462 (Tex. App.—Houston [1st Dist.] 1994, writ denied)). A party seeking to bar confirmation of an arbitration award for one of the reasons listed in 171.088 must do so within 90 days or forfeit his right to make such challenge. *See id.* If the challenge is not timely asserted, the only alternative for the trial court is to confirm the arbitration award. *See id.*; TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.087, 171.088(a)(3)(A), (b).

In this case, the Arbitration Award was rendered on January 3, 2012. An email in the record from Land's counsel to Bob Bennett indicates that Appellants were aware of the award by January 4, 2012. Appellants filed the motion to modify the award with the fee dispute committee on February 3, 2012. The motion was denied by written order on March 2, 2012. That order also explains the grounds for the award. Land filed his motion to confirm the Arbitration Award in

---

[2] The only exception to the requirement that the application for vacatur must be filed within 90 days of receiving a copy of the award is when the vacatur application asserts that the award "was obtained by corruption, fraud, or other undue means." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(b). Under those circumstances, the applicant must move for vacatur within 90 days "after the date the grounds for the application are known or should have been known." *Id*. Bennett has not alleged such grounds in this case.

9

the trial court on April 4, 2012. Appellants filed their answer and application to vacate the award in the trial court on April 27, 2012.

Appellants do not dispute that the application to vacate—filed on April 27, 2012—was not filed within 90 days after delivery of the Arbitration Award. Instead, Appellants argue that the application was timely because it was filed less than 90 days after the issuance of the March 2, 2012 order denying the modification motion and detailing the grounds for the award. Appellants assert that, because they are challenging the grounds supporting the award set out in that order, the 90-day limitations period should run from March 2, 2012. Appellants, however, offer no authority to support this position.

In *Teleometrics International, Inc. v. Hall*, we were presented with an analogous argument. 922 S.W.2d 189, 192 (Tex. App.—Houston [1st Dist.] 1995, writ denied). There, the appellee had filed a motion to confirm an arbitration award in the trial court. *See id.* at 190. The appellants then filed a motion to clarify the arbitration award with the arbitrator. *See id.* The arbitrator denied the motion to clarify and, as here, left the original arbitration award unchanged. *See id.* The appellants then answered and moved to vacate the award in the trial court. *See id.* Although it was filed within 90 days of issuance of the order denying the motion to clarify, the motion to vacate was filed more than 90 days after the

original arbitration award. *See id.* Ultimately, the trial court rendered judgment confirming the arbitration award. *Id.* at 191.

Similarly to this case, the appellants in *Teleometrics International* argued that their application to vacate was timely because it was filed less than 90 days after the arbitrator denied the motion to clarify. *See id.* The appellants asserted that the filing of the motion to clarify served to extend the time to file the motion to vacate. *Id.* Construing the predecessor to section 171.088, we stated that "there is no authority that the mere filing of a motion to clarify an award extends the limitations period to file a motion to vacate the award." *Id.* at 192. We explained,

> Both the Texas General Arbitration Act and interpretive case law are clear that the 90–day limitation period begins to run from the date of the conclusive award itself. It is true that in *Louisiana Natural Gas Pipeline*, the appellate court measured the 90–day limit from the date the amended arbitration findings were signed. 875 S.W. 2d at 462. In this case, however, because [appellants'] motion [to clarify] was denied, there was no modified or corrected award to extend the 90–day limitations period.

*Id.* We held "any motion to vacate was due 90 days after the initial, and conclusive, award was delivered." *Id.* Because the motion to vacate was untimely, we affirmed the trial court's judgment confirming the arbitration award. *See id.*

As in *Teleometrics International*, we find no authority to hold that the 90-day limitations period was extended by the March 2 order denying Bennett's motion to modify the award, because the arbitrators did not modify the initial award or grant any relief. The March 2 order denying relief made no change to the

11

original and definitive award. We conclude that the 90-day limitations period for filing the vacatur application began to run on delivery of the January 3, 2012 Arbitration Award. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(b); *Zars v. Davis*, No. 04-05-00800-CV, 2006 WL 2955326, at *2 (Tex. App.—San Antonio Oct. 18, 2006, no pet.) (mem. op.) (explaining that TGAA 90-day limitations period set forth in sections 171.088 is strictly enforced). Appellants did not file the vacatur application until April 27, 2012; therefore, it was untimely. [3] We hold that the trial court could not review Appellants' asserted statutory grounds for vacatur, because they did not timely assert those grounds within the 90-day limitations period following delivery of the award, as required by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.087, 171.088; *New Med. Horizons II*, 317 S.W.3d at 431; *Teleometrics Int'l*, 922 S.W.2d at 192.

## C. Gross Mistake

In addition to the statutory grounds for vacatur, Appellants also contend that the trial court erred in refusing to vacate the Arbitration Award because the arbitrators committed a gross mistake.

---

[3] The Arbitration Panel denied Appellants' motion to modify on March 2, 2012. At that point, Appellants still had 30 days to file their vacatur application. Thus, even if they were waiting to learn whether the panel would modify the award, Appellants had ample time to timely seek judicial vacatur of the award in the trial court after the modification motion was denied.

Gross mistake is a Texas state common-law standard that has been used to attack arbitration awards. [4] *Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002). A "gross mistake" is a mistake by the arbitrator that implies bad faith or failure to exercise honest judgment. *Ouzenne*, 2012 WL 1249420, at \*2 (citing *Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 266 (Tex. App.—Houston [14th Dist.] 1995, no writ)). Gross mistake results in a decision that is arbitrary or capricious. *Universal Computer Sys.*, 183 S.W.3d at 752. An honest judgment made after due consideration given to conflicting claims, however erroneous, is not arbitrary or capricious. *Id.*

The March 2, 2012 order indicates that, in addition to examining specific attorney's fees charged by Appellants to Land, the Arbitration Panel also viewed the fees on a "global basis" to determine their reasonableness. In this respect, the panel explained that it was reviewing the fees in the context of the overall representation of Land by Appellants. The order also indicates that the panel

---

[4] The United States Supreme Court has held that the statutory grounds provided in Federal Arbitration Act sections 10 and 11 for vacating, modifying, or correcting an arbitration award are the exclusive grounds for vacating an arbitration award. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584, 128 S. Ct. 1396, 1403, (2008). In contrast, the Supreme Court of Texas has reserved opinion regarding the continued viability of common law grounds for attacking an arbitration award under the TGAA. *See E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 270 n.7 (Tex. 2010) ("We express no opinion on this issue [of whether an arbitration under the TGAA can be set aside on common law grounds.]").

13

considered the non-exclusive factors listed in the Houston Bar Association's arbitration rules for determining the reasonableness of the fees.

Appellants argue that the Arbitration Panel committed a gross mistake by considering the reasonableness of the fees on a global basis. They assert that determining the reasonableness of the fees on a global basis is not sanctioned by the bar association's arbitration rules or the Fee Agreement. However, as explained, the panel indicated in the order that it also considered the non-exclusive factors listed in the arbitration rules for determining the reasonableness of the fees. We do not agree that the arbitrators' consideration of the fees in the context of the Appellants' overall representation of Land, in addition to considering the particularized non-exclusive factors listed in the arbitration rules for determining fee disputes, indicates bad faith or a failure to exercise honest judgment.

In addition, it is not within our province to interpret the Fee Agreement to ascertain whether the panel determined the reasonableness of the fees in accordance with its provisions. *See Universal Computer Sys.*, 183 S.W.3d at 753. Instead, our review is limited to whether the arbitrators' conduct constitutes bad faith or a failure to exercise honest judgment. *See id.* The party seeking to vacate an arbitration award has the burden of demonstrating how the arbitrators made a gross mistake. *Id.* at 752. Appellants do not explain how considering the fees on a

global basis violates the Fee Agreement in a manner that rises to a level of bad faith or to a failure to exercise honest judgment.

Appellants also cite the manner in which the Arbitration Panel viewed and applied the evidence as indicating gross mistake. Appellants point out that, at the arbitration hearing, they offered affidavits from a number of attorneys attesting to the reasonableness of the attorney's fees. They point out that the only testimony offered by Land was his own testimony. Appellants further cite language in the March 2 order in which the panel indicated that it would have reached the same award even if it had discredited Land's testimony and given credence to the Appellants' evidence.

By their contentions, Appellants are essentially arguing that the Arbitration Panel was wrong in its view of the evidence and ultimately in its decision. As the fact-finder, the Arbitration Panel was the judge of the credibility of the witnesses and could choose whom to believe and whom to disbelieve. *See Ouzenne*, 2012 WL 1249420, at *2 (citing *Xtria L.L.C. v. Intern. Ins. Alliance, Inc*., 286 S.W.3d 583, 597 (Tex. App.—Texarkana 2009, pet. denied). Significantly, review of an arbitration award is so limited that an arbitration award may not be vacated even if there is a mistake of fact or law. *Graham–Rutledge & Co. v. Nadia Corp.*, 281 S.W.3d 683, 689 (Tex. App.—Dallas 2009, no pet.). Appellants' contentions relating to how the panel viewed and applied the evidence may show a mistake of

fact or law, but they do not rise to the level of gross mistake. *See Ouzenne*, 2012 WL 1249420, at *2.

Lastly, Appellants contend that the Arbitration Panel committed a gross mistake because the panel's March 2 order contains a table categorizing and grouping the various attorney's fees charged by Appellants. Appellants assert that the panel inaccurately categorized and miscalculated the fees. Appellants contend that these inaccuracies are misleading and indicate that the panel acted in bad faith. We disagree. At most, any inaccuracies in categorization or valuation by the panel may indicate a mistake of law or fact; that is, a mistake in the panel's decision-making process. However, any such mistakes do not tend to show bad faith or a failure by the panel to exercise honest judgment. *See id.*; *Graham–Rutledge & Co.*, 281 S.W.3d at 689.

We overrule Appellants' sole issue, and all sub-issues, challenging the trial court's confirmation of the Arbitration Award.

## Rule 45 Sanctions

In his brief, Land requests that this Court impose sanctions against Appellants for filing a frivolous appeal. *See* TEX. R. APP. P. 45 (authorizing imposition of sanctions for filing of frivolous appeal). Land asserts that Appellants have "no reasonable grounds on which the arbitration award can be vacated." He contends that, despite the fact that their challenges have no merit, Appellants have

16

"delayed and appealed this case on every opportunity available" to avoid paying the arbitration award and to cause Land to incur greater attorney's fees.

After considering the record, briefs, or other papers filed in this Court, we may award a prevailing party damages if we objectively determine that an appeal is frivolous. *See* TEX. R. APP. P. 45; *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed. *Smith*, 51 S.W.3d at 381.

The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation. *Id*. Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious. *See id*. While we disagree with the merits of the appeal, after considering the record and briefs, we do not conclude that the circumstances in this case warrant sanction. Accordingly, we overrule Land's request for Rule 45 sanctions.

## Conclusion

We affirm the judgment of the trial court and deny Land's request for sanctions.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Bland.