**NEW MEDICAL HORIZONS II, LTD. d/b/A Cypress Fairbanks Medical Center, Appellant,**

v.

**Robert L. JACOBSON, M.D., Appellee.**

No. 01–09–00238–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 6, 2010.

Blair Grant Francis, Joel Don Ridgell, Warren Dale Dodson, Francis, Orr & Totusek, LLP, Dallas, TX, for Appellant.

Steven J. Knight, William S. Helfand, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and HIGLEY.

## OPINION

SHERRY RADACK, Chief Justice.

Appellant, New Medical Horizons II, Ltd., d/b/a Cypress Fairbanks Medical Center ("the Hospital"), appeals from an interlocutory order denying its motion for summary judgment that requested, in part, confirmation of an arbitration award. We determine (1) whether we have jurisdiction over this appeal and, if so, (2) whether the trial court erred in denying confirmation of the arbitration award. Answering both questions in the affirmative, we reverse the interlocutory summary-judgment order to the extent that it denied confirmation of the arbitration award, and we remand the case with instructions.

## BACKGROUND

Appellee, Robert L. Jacobson, M.D., was a physician specializing in maternal fetal medicine. Newborn Intensive Care Specialist, P.A. ("NICS") wished for Jacobson to join its practice in the Hospital's service area. Although NICS hired Jacobson, neither party could finance the desired practice.

In March 2005, Jacobson, NICS, and the Hospital entered into an agreement (the "Relocation Agreement"). Under the Relocation Agreement, Jacobson agreed to practice full time in the Hospital's service area for four years. The Hospital financed the establishment of the new practice through a line-of-credit note ("the Note") in the amount of $589,300. The Note provided that if NICS or Jacobson breached the Relocation Agreement and did not cure the breach within 60 days, the Hospital could terminate the contract and require repayment of the Note. The Relocation Agreement allowed either NICS or Jacobson to seek arbitration to determine allocation of fault between them if the Hospital terminated the agreement for specified reasons, with that allocation binding the Hospital for collection on the Note. The arbitration clause provided:

> Any dispute or controversy arising under, out of or in connection with, or in relation to this Agreement, or any amendment hereof, or the breach hereof, *except actions brought by Hospital ... to enforce the Line of Credit Note,* shall be determined and settled by arbitration in Harris County, Texas, in accordance with the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration, applying the laws of the State....

(Emphasis added.)

Although the Relocation Agreement had a term of four years, the employment agreement between NICS and Jacobson had only a two-year term. NICS and Jacobson failed to renew the employment agreement when it expired, with each party blaming the other for the failure, and Jacobson ceased practicing in the Hospital's service area. The Hospital terminated the Relocation Agreement in May 2007 and demanded that NICS and Jacobson repay the Note.

Invoking the Relocation Agreement's terms, NICS instigated an arbitration proceeding against both Jacobson and the Hospital to determine breach and allocation of fault between NICS and Jacobson. The Hospital answered and asserted its own claims for affirmative relief, seeking declaration of 11 matters and attorney's fees under the Texas Declaratory Judgment Act.[1] Jacobson moved the arbitrator to dismiss each of these requests for declaratory relief, either on the basis that the Relocation Agreement excluded them because they related to enforcement of the Note or because the Hospital lacked standing to assert them. The arbitrator dismissed only three requests, for which it determined that the Hospital lacked standing, and denied Jacobson's request to dismiss the remaining declaratory requests. Jacobson continued to object to the ruling allowing the Hospital's pursuit of its remaining requests for declaratory relief, arguing that the arbitrator lacked jurisdiction under the Relocation Agreement to decide them.

On December 17, 2007, the arbitrator rendered his award. He found that Jacobson had breached the Relocation Agreement and allocated fault for that breach 80% to Jacobson and 20% to NICS. The award further recited that "[a]fter considering Dr. Jacobson's Motion to Dismiss and the Hospital's opposition, the Arbitrator determined that the Hospital's requests for declaratory relief did not seek enforcement of the Note and the Motion to Dismiss was not granted. *An additional action would be required to enforce the Note.*" (Emphasis added.) The arbitrator then rendered the following declarations:

a. Monthly installments falling due under the Note after January 31, 2007 are not required to be forgiven pur-

suant to the Relocation Agreement....

b. The principal amount of the Note that was due as of February 1, 2007(i) was $191,030.08, (ii) bears interest from February 1, 2007 through May 1, 2007 at the rate of 7.5% per annum and from May 2, 2007 until paid at the rate of 10.25% per annum.

c. The Hospital gave proper written notice of Dr. Jacobson's breach of the Relocation Agreement and properly allowed 60 days to cure the breach.

d. [The] Hospital properly terminated the Relocation Agreement by written notice on May 2, 2007.

e. All outstanding principal and accrued interest under the Note became fully due and payable on June 1, 2007.

f. [The] Hospital is entitled to recover under the Note the principal sum of $191,030.08, together with interest accrued at 7.5% per annum from February 1, 2007 through May 1, 2007 in the amount of $3,532.50, interest accrued at 10.25% per annum from May 2, 2007 through October 29, 2007 in the amount of $9,798.84 and, for so long as none of said principal is paid, interest accruing thereafter at $53.64 per day or $53.49 in a leap year.

. . .

In March 2008, the Hospital filed suit against Jacobson. The Hospital asserted (1) an application for confirmation of the arbitration award and (2) a claim for breach of, and to enforce, the Note. The Hospital sought to confirm the award un-

---

1. *See* TEX. CIV. PRAC. & REM CODE ANN. §§ 37.001–.011 (Vernon 2008).

der the Texas General Arbitration Act ("TGAA").[2]

Jacobson never filed a motion to vacate or to modify the arbitration award, but on May 20, 2008, he filed his answer, alleging as one of several affirmative defenses that "[the hospital's] claims are barred, in whole or in part, because the Arbitrator lacked jurisdiction to hear [its] claims, enter [sic] the Final Arbitration Award. Alternatively, the award entered in favor of [the Hospital] exceeds the scope of the Arbitrator's limited jurisdiction under applicable law including, without limitation, Section 6.06 of the American Health [Lawyers] Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration."[3] In response, the Hospital filed an "answer" to Jacobson's answer to address his affirmative defenses, alleging in part the "affirmative defense" that the 90–day limitations period to assert a motion to vacate or to modify the arbitration award under the TGAA had expired.

The Hospital then moved for traditional summary judgment (1) to confirm the arbitration award and, based in large part on the confirmed award's declarations, (2) to render a judgment on its claim to enforce the Note. The summary-judgment motion also sought to disprove as a matter of law all of Jacobson's affirmative defenses. In this last regard, the Hospital attacked the affirmative defense that the arbitrator lacked jurisdiction to render the relevant portions of the award because the TGAA's 90–day limitations period for vacating or modifying an award had already expired without a challenge being filed. The Hospital also contended that Jacobson's remaining affirmative defenses to its suit to enforce the Note were all barred by res judicata because they had been, or could have been, considered by the arbitrator.

In his response to the Hospital's summary-judgment motion, Jacobson asserted that he "does not oppose confirmation of the Award," but argued that "the court's confirmation of the award is not, as [the Hospital contends], dispositive of [its] claim to enforce the note." In this regard, Jacobson asserted:

> Indeed, without question, the Award, to the extent it touches at all upon the Hospital's claim for enforcement of the note or the defenses thereto asserted by [Jacobson], was not entered by a court of competent jurisdiction. The arbitration provision . . . expressly excludes suits to enforce the Note. The arbitrator ultimately concluded that, although he was partially granting the declaratory relief the Hospital sought, it was expressly based on the premise that the relief did not touch upon the Hospital's claim to enforce the note. To be sure, the arbitrator made it clear that "an additional action would be required to enforce the Note."

> Likewise, given the fact the arbitrator expressly lacked jurisdiction to grant any relief with respect to the Hospital's claim to enforce the Note, [Jacobson] did not raise, nor could [he] have raised,

---

**2.** *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–.098 (Vernon 2005).

**3.** Rule 6.06, entitled "Scope of Award," provides, among other things, that "[t]he arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the arbitration agreement of the parties, including, but not limited to, specific performance of a contract." American

Health Lawyers Association Alternative Dispute Resolution Service, Rules of Procedure for Arbitration, pp. A–15 to A–16 (revised June 2009) http://publish.healthlawyers.org/ Resources/ADR/Code%20of%20Ethic%20and %20Rules%20of%20Procedures1/ADR %20Rules%20of%20Procedure%20for %20Arbitration% 20–% 20 RevisedJune% 202009.pdf (last visited April 30, 2010).

any defenses to the Note [at arbitration].

He thus contended that his affirmative defenses were not barred by res judicata.

At the summary-judgment hearing, the trial court requested that the parties submit further briefing on whether a challenge that the arbitrator exceeded his jurisdiction was waived if not asserted within the 90–day timeframe of TGAA section 171.088. The Hospital's responsive briefing again argued that Jacobson had waived any argument that the arbitrator exceeded his jurisdiction for having failed to assert it in the 90–day window. Alternatively, the Hospital contended that the arbitrator had not exceeded his jurisdiction. In his responsive briefing, Jacobson again contended that "given the fact the arbitrator expressly lacked jurisdiction to grant any relief with respect [to] the Hospital's claim to enforce the Note, [he] did not raise, nor could [he] have raised, any defenses to the Note [at arbitration]," so that res judicata did not bar his affirmative defenses to the Note's enforcement. He further contended:

> Here, the arbitrator's findings and award which exceeded the allocation of fault for breach of the Relocation Agreement, the only issue properly before the Arbitrator, are merely surplusage. Specifically, the Arbitrator's Award, as it pertains to the Hospital's claim to enforce the Note, is mere surplusage unnecessary to the only issue properly before the Arbitrator. *Thus, the court may, if requested, confirm the Award, but only to the extent necessary to give effect to those matters properly before and decided by the Arbitrator,* the allocation of fault between Dr. Jacobson and NICS for breach of the Relocation Agreement. *In fact, this is the very reason Dr. Jacobson did not move to vacate the Award under Section 171.088*

> *... and did not oppose confirmation of the Award provided.* As the court acknowledged at the prior hearing, such confirmation does not extend to matters, issues or parties over which the arbitrator clearly had no jurisdiction. Accordingly, Dr. Jacobson *opposes confirmation of the Award on all matters over which the Arbitrator lacks jurisdiction,* particularly the findings of the Arbitrator related to the Note, based upon the Arbitrator's admitted lack of jurisdiction.

(Emphasis added.)

The trial court denied the summary-judgment motion. The Hospital appeals.

## JURISDICTION OVER APPEAL

In his appellee's brief, Jacobson contends that we lack subject-matter jurisdiction over the Hospital's appeal because the order is not one confirming or denying confirmation of an arbitration award. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(3) (Vernon 2005). Rather, he argues, the order is one denying "the Hospital's motion for summary judgment on its breach of contract claim (or claim enforcing the Note)" and "[n]o statute authorizes the appeal from such an interlocutory order denying a motion for summary judgment on a breach of contract claim...."

"The [TGAA] specifically provides that an application under [it] is heard in the same manner and on the same notice as a motion in a civil case." *Crossmark, Inc. v. Hazar,* 124 S.W.3d 422, 430 (Tex.App.-Dallas 2004, pet. denied); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 171.093 (Vernon 2005). "Thus, applications to confirm or vacate an arbitration award should be decided as other motions in civil cases; on notice and an evidentiary hearing if necessary." *Hazar,* 124 S.W.3d at 430. "Summary judgment motions are not re-

quired for the trial court to confirm, modify, or vacate an arbitration award." *Id.* "However, if a party chooses to follow summary judgment procedure rather than the simple motion procedure authorized by the [TGAA], it assumes the traditional burdens and requirements of summary judgment practice." *Id.* This is what the Hospital did: it moved for summary judgment on the independent ground requesting that the court confirm the award. That the Hospital also sought judgment on its suit to enforce the note in that same motion is irrelevant.

■ The trial court's order denying summary judgment did not specify grounds, but the court denied the Hospital's request for confirmation of the award when it denied the summary-judgment motion requesting that relief. A separate order stating that the application to confirm was denied was not required. We thus have subject-matter jurisdiction over the Hospital's appeal from that portion of the order that denied summary judgment on the request to confirm the arbitration award under the TGAA. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(3).

## CONFIRMATION OF ARBITRATION AWARD

In its sole issue, the Hospital argues that the trial court erred in denying its request for confirmation because Jacobson did not file a timely motion to vacate, to modify, or to correct the award under the TGAA. Alternatively, the Hospital argues that the arbitrator did not exceed his powers. Jacobson contests both challenges. We need decide only the first.

### A. The Law

■ The arbitration agreement specifically provided that arbitration would be conducted "applying the law of the State," and the Hospital moved for confirmation under the TGAA. "The standard of review applicable to a judgment confirming an award under the [TGAA] is affected by the nature of the proceedings utilized by the trial court." *Hazar,* 124 S.W.3d at 430. We thus review the trial court's denial of the Hospital's summary-judgment ground requesting confirmation of the award under the usual standard of review for motions asserted under Texas Rule of Civil Procedure 166a(c). *See id.* (doing same, when reviewing summary-judgment order confirming arbitration award); *see also Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985) (setting out summary-judgment standards of review).

■ "We begin by examining the statutory language." *Hamm v. Millennium Income Fund, L.L.C.,* 178 S.W.3d 256, 262 (Tex.App.-Houston [1st Dist.] 2005, pet. denied) (construing TGAA's provisions concerning confirming and vacating arbitration awards). TGAA section 171.087, entitled "Confirmation of Award," provides that "[u]nless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, *shall* confirm the award." TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (Vernon 2005) (emphasis added). Under this section, "confirmation is the default result unless a challenge to the award has been or is being considered." *Hamm,* 178 S.W.3d at 262.

■ One such challenge under the TGAA to an arbitration award is a request to vacate it, which is controlled by section 171.088:

(a) On application of a party, the court shall vacate an award if:

. . .

(3) the arbitrators:

(A) *exceeded their powers;*

. . .

(b) *A party must make an application under this section not later than the 90th day after the date of delivery of a copy of the award to the applicant....*
(c) If the application to vacate is denied and a motion to modify or correct the award is not pending, the court shall confirm the award.

TEX. CIV. PRAC. & REM.CODE ANN. § 171.088 (Vernon 2005) (emphasis added). TGAA section 171.091, also referenced in section 171.088 and providing for judicial modification or correction of an award, contains the same 90–day provision for applications alleging that "the arbitrators have made an award with respect to a matter not submitted to them...." *Id.* § 171.091(a)(2), (b), (c) (Vernon 2005). The plain language of section 171.088, like that in section 171.091, shows that "the legislature intended the 90–day period ... to be a limitations period after which a party cannot ask a court to vacate an arbitration award." *Louisiana Natural Gas Pipeline, Inc. v. Bludworth Bond Shipyard, Inc.,* 875 S.W.2d 458, 462 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (concluding same with respect to predecessor to section 171.088).

■■■ "Subjecting arbitration awards to judicial review adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 238 (Tex.2002). "Accordingly, we have long held that 'an award of arbitrators upon matters submitted to them is given the same effect as the judgment of a court of last resort. All reasonable presumptions are indulged in favor of the award, and none against it.' " *Id.* (quoting *City of San Antonio v. McKenzie Constr. Co.,* 136 Tex. 315, 326, 150 S.W.2d 989, 996 (1941)). Also for this reason, "[o]ur review of an arbitration award is extremely narrow." *IPCO–G. & C. Joint Venture v. A.B. Chance Co.,* 65

S.W.3d 252, 256 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). "In the absence of a statutory or common law ground to vacate or modify an arbitration award, a reviewing court lacks jurisdiction to review other complaints...." *Id.*

## B. Discussion

To support its request for confirmation, the Hospital produced a copy of the Relocation Agreement containing the arbitration clause and a copy of the arbitrator's written award, which set out the issues that the arbitrator considered. Accordingly, the Hospital's summary-judgment evidence entitled it to confirmation of the award unless Jacobson's jurisdictional challenges precluded confirmation of some or all of it. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.087.

The Hospital produced evidence that Jacobson received the arbitrator's award on December 18, 2007—more than 90 days before Jacobson first raised his jurisdictional affirmative defense. Jacobson's summary-judgment response did not deny that he had not challenged the award within the 90–day period—indeed, he admitted that he had not filed any application under the TGAA to vacate the award—but instead contended that the trial court could not confirm those portions of the award rendered outside the arbitrator's jurisdiction because they were void.

■■ Jacobson's jurisdictional challenge was based on the argument that the arbitrator had exceeded his jurisdiction by rendering declarations that the arbitration agreement did not allow. We assume without deciding that the arbitrator acted outside his jurisdiction for this reason. We further assume without deciding that the jurisdictional challenges to the award in Jacobson's answer and summary-judgment response were the equivalent of applications under the TGAA to vacate or to

modify the award for the stated reason. *See Blumberg v. Bergh,* No. 2–04–138–CV, 2005 WL 1047592, at *3 (Tex.App.-Fort Worth May 5, 2005, no pet.) (memo. op.) (considering that grounds for vacating arbitration award were asserted in original answer, rather than in separate motion).

■■■ A challenge that the arbitrator exceeded the "power" or "authority" granted him under the arbitration agreement is normally a challenge to the arbitrator's jurisdiction. *Cf., e.g., Myer v. Americo Life, Inc.,* 232 S.W.3d 401, 408 (Tex.App.-Dallas 2007, no pet.) (under Federal Arbitration Act, "An arbitrator's jurisdiction is defined by the contract containing the arbitration clause and by the issues actually submitted to arbitration."); *cf. also Withers v. Patterson,* 27 Tex. 491, 496 (1864) ("The *jurisdiction* of the court means the *power* or *authority* which is conferred upon a court, by the constitution and laws, to hear and determine causes between parties, and to carry its judgments into effect.") (emphasis added). In TGAA section 171.088, the Legislature clearly allows a party to assert a jurisdictional challenge based on an arbitrator's exceeding his authority, but it just as clearly requires that any such challenge be raised not later than 90 days from delivery of the award, or the award must be confirmed. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.087, 171.088(a)(3)(A), (b); *see also id.* § 171.091(a)(2), (b) (same, concerning judicial modification or correction of award); *Pheng Invs., Inc. v. Rodriquez,* 196 S.W.3d 322, 329 (Tex.App.-Fort Worth 2006, no pet.) (equating arbitrator's deciding issues outside scope of arbitration agreement

with his exceeding his authority under TGAA section 171.088(a)(3)(A)); *see also Graham–Rutledge & Co. v. Nadia Corp.,* 281 S.W.3d 683, 690–91 (Tex.App.-Dallas 2009, no pet.) (considering challenge under TGAA section 171.088 that arbitrator exceeded her powers granted in arbitration agreement by adjudicating claims not within scope of agreement). The Legislature not only made no exception to the 90–day deadline for jurisdictional complaints, but specifically indicated that such complaints would be subject to that deadline by expressly listing among those bases to which the deadline applied one encompassing challenges to the arbitrator's jurisdiction. The statute is not ambiguous in this regard.

Jacobson nonetheless contends that the trial court could not confirm those portions of the award exceeding the arbitrator's jurisdiction because those portions are void, and void awards (like void judgments) may be challenged at any time. He relies on case law holding that "the authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication" and that, when an arbitrator decides matters that the agreement does not allow, he exceeds his jurisdiction, so that any award rendered thereon is void. *E.g., Gulf Oil Corp. v. Guidry,* 160 Tex. 139, 143, 327 S.W.2d 406, 408 (1959).

No Texas court has addressed Jacobson's specific argument, but this Court and others in Texas have applied the TGAA's limitations bar to assertions that the arbitrators exceeded their authority.[4] Other

---

4. *See Slay v. Nationstar Mortgage, L.L.C.,* No. 2–09–052–CV, 2010 WL 670095, at *3 (Tex. App.-Fort Worth Feb. 25, 2010, no pet.) (memo. op.) (holding, under either TGAA or Federal Arbitration Act, that challenges including that arbitrator exceeded his authority

were waived for their not having been asserted within statutory limitations period); *Blumberg v. Bergh,* No. 2–04–138–CV, 2005 WL 1047592, at *3 & n. 21 (Tex.App.-Fort Worth May 5, 2005, no pet.) (memo. op.) (concluding that grounds for vacating award were waived

Texas courts have held likewise under the similarly worded provisions of the Federal Arbitration Act ("FAA").[5] And courts outside Texas, when considering the provisions of various arbitration statutes that materially resemble those of the TGAA, have expressly rejected the arguments that Jacobson raises here.[6] The holding of these last courts is based not only on the statutes' plain language, but also on the policy behind the limited review of arbitration awards.[7] In Texas, since arbitration is favored, judicial review of arbitral awards is extremely narrow precisely because it "adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *Delgado*, 95 S.W.3d at 238; *Hazar*, 124 S.W.3d at 429. The interpretation proposed by Jacobson undermines that policy, while that proposed by the Hospital promotes it. We distinguish the cases on which Jacobson relies because (1) none was decided under the TGAA and (2) the timing of the jurisdictional challenge to the award was not at issue.[8]

when raised only in answer filed after 90–day period, including challenge that arbitrators had mistakenly exceeded their authority to arbitrate); *Louisiana Natural Gas Pipeline, Inc. v. Bludworth Bond Shipyard, Inc.*, 875 S.W.2d 458, 462 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (holding that trial court did not err in rendering summary judgment confirming amended arbitration award because appellant had not moved to vacate award within 90–day period, when one of appellant's challenges was that summary judgment should not have been rendered on amended award because "there [were] fact issues regarding whether the arbitration panel had authority to amend the award").

5. *See Slay*, 2010 WL 670095, at *3 (holding, under either TGAA or FAA, that challenges including that arbitrator exceeded his authority were waived for their not having been asserted within statutory limitations period); *Brust v. MBNA Am. Bank, N.A.*, No. 2–04–294–CV, 2005 WL 1047583, at *1 & n. 6 (Tex.App.-Fort Worth May 5, 2005, pet. granted, case dism'd) (memo. op.) (concluding that challenges seeking vacatur of award under FAA were time-barred, including one that arbitrator had "exceed[ed] the express limits of his contractual mandate"); *see also* 9 U.S.C.S. §§ 10(a)(4), 11(b), 12 (LexisNexis 2008).

6. *See DeLorto v. United Parcel Serv., Inc.*, 401 F.Supp. 408, 409 (D.Mass.1975); *Schroud v. Van C. Argiris & Co.*, 78 Ill.App.3d 1092, 1095–96, 34 Ill.Dec. 428, 398 N.E.2d 103, 105–06 (Ill.App.Ct.1979); *Local 589, Amalgamated Transit Union v. Mass. Bay Transp. Auth.*, 397 Mass. 426, 430–32, 491 N.E.2d 1053, 1056–57 (Mass.1986); *Springfield*

*Teachers Ass'n v. Springfield Sch. Dirs.*, 167 Vt. 180, 189–90, 705 A.2d 541, 547 (Vt.1997); *see also Posadas de Puerto Rico Assocs., Inc. v. Asociacion de Empleados de Casino de Puerto Rico*, 648 F.Supp. 879, 883–84 (D.Puerto Rico 1986), *aff'd on other grounds*, 821 F.2d 60 (1st Cir.1987).

7. *See Local 589, Amalgamated Transit Union*, 397 Mass. at 431, 491 N.E.2d at 1056–57 ("The statutory language is unambiguous. We decline to create an exception through judicial decision.... The purpose of the thirty-day period ... is clear. Parties are allowed only a short period of time to move courts to vacate an award in order to accord the arbitration award finality with reasonable promptness.... To adopt an exception to [the statutory timeliness requirement] ... would defeat the important policy goals ... by creating 'an exception capable of swallowing the rule.' ") (internal citations omitted); *Springfield Teachers Assoc.*, 167 Vt. at 190, 705 A.2d at 547 ("Many of the challenges to an arbitration award can be characterized as jurisdictional. The usefulness of arbitration is undermined if issues can be withheld from the arbitrator and raised for the first time in court long after the arbitration is over. These considerations reinforce our construction of the statute to require that jurisdictional challenges be raised within the statutory time limit for a motion to vacate.").

8. *See Gulf Oil Corp. v. Guidry*, 160 Tex. 139, 142–43, 327 S.W.2d 406, 408–09 (1959); *Fortune v. Killebrew*, 86 Tex. 172, 176–78, 23 S.W. 976, 977–78 (1893); *Hooker v. Williamson*, 60 Tex. 524 (1883); *City of Beaumont v. Int'l Ass'n of Firefighters, Local Union No.*

We hold that because Jacobson did not timely challenge the arbitration award on the basis that the arbitrator acted outside his jurisdiction, he could not assert this ground as a bar to any portion of the award's confirmation. We thus further hold that the trial court erred in denying the Hospital's summary-judgment motion to the extent that it sought confirmation of that award.

■ We sustain the Hospital's sole issue.[9]

## CONCLUSION

We reverse the summary-judgment order, but only to the extent that it denied confirmation of the arbitration award. We remand the case with instructions for the trial court to grant the Hospital's summary-judgment motion to the extent that the Hospital sought confirmation of the arbitration award, and we further instruct the trial court to render an order confirming the award. To the extent that the summary-judgment order denied relief on any other basis, the order remains intact.

---

*399*, 241 S.W.3d 208, 214–15, 217 (Tex.App.-Beaumont 2007, no pet.); *Peacock v. Wave Tec Pools, Inc.*, 107 S.W.3d 631, 639 (Tex. App.-Waco 2003, no pet.).

9. In his brief, Jacobson also contends that (1) "to the extent that the Award reflects an adjudication of the Hospital's claim for breach of the Note ... such adjudication is void and cannot serve as a basis for summary disposition of" the merits of the claim to enforce the Note, *i.e.*, even if the award must be confirmed, any void portions are of no effect, and (2) res judicata does not bar his other affirmative defenses for various reasons. We cannot consider these arguments because they concern the merits of the suit on the Note and we

have no jurisdiction in this interlocutory appeal to review the denial of the summary-judgment motion on that claim. *See, e.g., Tex. Mun. Power Agency v. Pub. Util. Comm' n of Tex.*, 253 S.W.3d 184, 192 (Tex.2007) (noting that denial of summary judgment motion is normally unappealable); *W. Dow Hamm III Corp. v. Millennium Income Fund, L.L.C.*, 237 S.W.3d 745, 751 (Tex.App.-Houston [1st Dist.] 2007, orig. proceeding & no pet.) (mandamus and interlocutory appeal) ("We are strictly to construe the legislative bases for allowing interlocutory appeals, given that interlocutory appeals are in derogation of the general rule that only final judgments are appealable.").