

# IN THE
# TENTH COURT OF APPEALS

No. 10-13-00048-CV

## IN THE MATTER OF
## THE MARRIAGE OF
## ALICIA PIERCE
## AND
## STEPHEN PIERCE

**From the 66th District Court
Hill County, Texas
Trial Court No. 48442**

## MEMORANDUM OPINION

Stephen Pierce appeals from the trial court's entry of a final decree of divorce dissolving his marriage to Alicia Pierce. We affirm.

### Background Facts

During their marriage, Stephen and Alicia jointly owned and operated two internet marketing companies: Impulsive Profits, Inc., and Stephen Pierce International, Inc. Alicia filed an original petition for divorce September 7, 2010. Stephen and Alicia entered into mediation to divide their marital assets, including their interests in the two

companies. Pursuant to the Mediated Settlement Agreement (MSA), Stephen was to take sole possession of the two companies, and Alicia would receive $410,000.00 in installment payments over the course of four years. The parties signed the MSA on December 29, 2010.

After signing the MSA, Stephen refused to sign the Agreed Final Decree of Divorce in May 2011 because he claimed Alicia misrepresented the assets and liabilities of the two companies. The parties agreed to binding arbitration regarding their disagreement over the terms of the MSA. The arbitrator issued a ruling on November 14, 2011, stating that "after reviewing ALL of the evidence submitted by both parties, arguments of counsel, affidavits of third persons, counter affidavits, exhibits from both sides, the Mediated Settlement Agreement of the parties in this case and the proposed decree submitted, I make the following ruling: I hereby adopt the Final Decree of Divorce as submitted by [Alicia's attorney] … as accurately reflecting my award in this matter."

Alicia filed an Application to Confirm Arbitration Award and Motion for Judgment and Entry of Final Decree of Divorce Based on Arbitration on November 13, 2012. Stephen filed an opposition to Alicia's application stating that Alicia misrepresented and omitted material information in direct violation of the full disclosure provision of the MSA. After a hearing on Alicia's application, the trial court entered the Final Decree of Divorce.

## Entry of Final Divorce Decree

In his sole issue on appeal, Stephen argues that the trial court erred in entering the final decree confirming the arbitration award. Section 171.087 of the Texas Arbitration Act provides that upon application of a party, the court shall confirm the arbitration award unless grounds are offered for vacating, modifying or correcting the award under section 171.088. TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (West 2011). Section 171.088 provides:

> (a) On application of a party, the court shall vacate an award if:
>
> (1) the award was obtained by corruption, fraud, or other undue means;
>
> (2) the rights of a party were prejudiced by:
> (A) evident partiality by an arbitrator appointed as a neutral arbitrator;
> (B) corruption in an arbitrator; or
> (C) misconduct or wilful misbehavior of an arbitrator;
>
> (3) the arbitrators:
> (A) exceeded their powers;
> (B) refused to postpone the hearing after a showing of sufficient cause for the postponement;
> (C) refused to hear evidence material to the controversy; or
> (D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or
>
> (4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection.

(b) A party must make an application under this section not later than the 90th day after the date of delivery of a copy of the award to the applicant. A party must make an application under Subsection (a)(1) not later than the 90th day after the date the grounds for the application are known or should have been known.

(c) If the application to vacate is denied and a motion to modify or correct the award is not pending, the court shall confirm the award.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.088 (West 2011).

The arbitrator issued his ruling on November 14, 2011. Stephen did not file an application to vacate the award based upon corruption, fraud, or other undue means pursuant to section 171.088(a)(1). Alicia filed an Application to Confirm Arbitration Award and Motion for Judgment and Entry of Final Decree of Divorce Based on Arbitration on November 13, 2012, and Stephen opposed her application. Because Stephen did not timely present an application to vacate the award pursuant to sections 171.087 and 171.088, the trial court did not err in confirming the award.

The trial court **shall** confirm the award unless grounds are offered under 171.088 for vacating, modifying, or correcting the award. TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (West 2011). The plain language of section 171.088 shows that "the legislature intended the 90-day period ... to be a limitations period after which a party cannot ask a court to vacate an arbitration award." *New Medical Horizons II, Ltd. v. Jacobson*, 317 S.W.3d 421, 428 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Louisiana Natural Gas Pipeline, Inc. v. Bludworth Bond Shipyard, Inc.*, 875 S.W.2d 458, 462 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

Stephen alleged shortly after the mediation that Alicia had made misrepresentations concerning the assets and liabilities of the companies. Stephen was aware in April 2011 that that the Texas Work Force Commission, The Texas Comptroller, and the Internal Revenue Service had begun investigations into the tax years 2008-2010 for both companies. Stephen did not seek to vacate the arbitration award within 90 days from which the grounds were known or should have been known. The trial court did not err in confirming the award. We overrule Stephen's sole issue on appeal.

**Conclusion**

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed April 3, 2014
[CV06]