

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00200-CV

Robert C. **SINGER**, III,
Appellant

v.

April Marie **SINGER**, Individually and as Trustee of the Singer Financial Management Trust,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-03145
Honorable Cynthia Marie Chapa, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Luz Elena D. Chapa, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: September 29, 2021

REVERSED AND RENDERED

This is an appeal of an order denying appellant Robert C. Singer, III's motion to confirm an arbitration award. We reverse the trial court's order and render judgment confirming the award.

## BACKGROUND

Robert and his sister, appellee April Marie Singer, are the settlors and beneficiaries of a revocable trust for which April serves as trustee. In 2019, Robert sued April, seeking an accounting, the removal of April as trustee, the appointment of a receiver, and the revocation of

the trust. While April denied Robert's allegations against her, she also filed pleadings seeking to dissolve the trust, distribute its assets, and discharge her as trustee.

On September 4, 2020, the parties mediated their dispute before Thomas J. Smith. They did not resolve their differences during that mediation, but they both accepted and signed a "Mediator's Proposal" containing the following paragraphs:

> 3. All Real Property and Financial Assets divided 50/50 as agreed to by the parties. If the parties are unable to agree on a division of all real property and financial assets, parties agree to submit their respective proposals to Thomas J. Smith for a final, binding division of these properties. Lawyers, including Gina Gaedke, will prepare all appropriate deeds, revocation and distribution agreements and other paperwork necessary to effectuate the terms of settlement and revocation/termination of partnerships and the Trust. All such fees and expenses to be paid by Singer Financial Management Trust within 10 days of delivery of statement showing balance due.
>
> 4. All parties execute MSA, with mutual releases, with everyone paying own fees and expenses through September 4, 2020. This MSA will settle ALL disputes between the parties. Parties agree to enter Agreed Order of Dismissal, With Prejudice in pending lawsuit. All attorney's fees and any expert fees incurred by both parties after September 4, 2020 through conclusion of settlement and revocation process will be paid by Singer Financial Management Trust within 10 Days of delivery of statement showing balance due.

A court-appointed appraiser assigned values to several pieces of real property owned by the trust. Based on those appraisals, the parties submitted their proposals "for a final, binding division of these properties" to Smith. On October 20, 2020, Smith issued an "Arbitrator's Ruling" ordering the properties divided between Robert and April as set out in Robert's proposal. Smith's ruling specified, "Closing . . . shall take place on or before November 2, 2020."

The parties did not close on the properties by November 2, 2020, and on March 8, 2021, Robert filed a motion to confirm the arbitration award. In response, April argued the award should not be confirmed because "[t]he parties do not yet have an agreed MSA" and because one of the properties she had been awarded showed signs of environmental contamination. She argued a new appraisal was necessary to account for the contamination and explained that she "believe[d] Mr.

Smith will properly adjust the distributions based on the new property appraisals." Nothing in the record indicates that Smith considered modifying the arbitration award or that April's contamination claims gave him authority to do so.[1]

On March 16, 2021, the trial court held a hearing on Robert's motion. On April 16, 2021, Robert filed a "Motion for Reconsideration of Plaintiff's Motion to Confirm Arbitration Award." Robert's motion stated that while the trial court had not yet signed any written orders, it had signed judge's notes indicating its intention to deny his motion to confirm and send the parties "back to the Arbitrator to address unresolved issues." Robert asked the trial court to reconsider this ruling because April had neither challenged the arbitration award within the time periods specified by the Texas Arbitration Act nor asserted "any of the exclusive grounds" listed in the TAA for the vacatur, modification, or correction of an arbitration award. On April 26, 2021, the trial court signed written orders denying Robert's motions to confirm and for reconsideration. Robert timely perfected this appeal.

## ANALYSIS

### Standard of Review and Applicable Law

"Arbitration is generally a contractual proceeding by which the parties to a controversy, in order to obtain a speedy and inexpensive *final disposition* of the disputed matter, select arbitrators or judges of their own choice, and by consent submit the controversy to these arbitrators for determination." *Blue Cross Blue Shield of Tex. v. Juneau*, 114 S.W.3d 126, 134 (Tex. App.—Austin 2003, no pet.) (emphasis in original). Texas law favors arbitration of disputes. *See, e.g.*, *E. Tex. Salt Water Disposal Co., Inc. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). Accordingly, "judicial review of an arbitration award is extraordinarily narrow" because such review diminishes

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.054 (establishing procedures, standards, and deadlines under which an arbitrator may modify or correct an award).

arbitration's benefit as an efficient and economical system for resolving disputes. *Id.*; *see also Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 587 (Tex. 2012). We review a trial court's ruling on a motion to confirm an arbitration award de novo, "indulg[ing] every reasonable presumption in favor of upholding the arbitration award." *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 262 (Tex. App—San Antonio 2003, pet. denied). Confirmation of an arbitration award "is the default result unless a challenge to the award has been or is being considered." *Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 262 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Robert argues the TAA governs the parties' dispute, and April has not challenged that assertion. The TAA provides that upon the application of a party, a trial court shall confirm an arbitration award unless the opposing party presents statutory grounds for vacating, modifying, or correcting the award. TEX. CIV. PRAC. & REM. CODE ANN. § 171.087; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088 (grounds for vacating arbitration award); TEX. CIV. PRAC. & REM. CODE ANN. § 171.091 (grounds for modifying or correcting arbitration award). A party who seeks a trial court judgment vacating, modifying, or correcting an arbitration award must file an application "not later than the 90th day after the date of delivery of a copy of the award to the applicant." TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.088(b), 171.091(b).

### *Application*

Smith delivered his ruling in an October 20, 2020 letter to the parties' attorneys. April's trial counsel emailed Smith on October 28, 2020, and that email establishes April had received the ruling by that point. As a result, April was required to file an application to vacate, modify, or correct the arbitration award by January 26, 2021 at the latest. *See id.*; *see also Zars v. Davis*, No. 04-05-00800-CV, 2006 WL 2955326, at *1 (Tex. App.—San Antonio Oct. 18, 2006, no pet.) (mem. op.).

April did not assert any challenges to the award in the trial court until March of 2021. Because April did not file an application to vacate, modify, or correct the award within 90 days of the date of delivery of that award, she waived any challenge she may have had. *See Zars*, 2006 WL 2955326, at \*2 (noting the "90-day limitations period set forth in [the TAA] is strictly enforced"); *see also New Med. Horizons II, Ltd. v. Jacobson*, 317 S.W.3d 421, 429–31 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (holding party waived complaint that arbitration award was void by failing to raise it during TAA's 90-day limitations period); *La. Nat. Gas Pipeline, Inc. v. Bludworth Bond Shipyard, Inc.*, 875 S.W.2d 458, 462 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (holding the similarly worded predecessor to section 171.088(b) showed "the legislature intended the 90–day period . . . to be a limitations period after which a party cannot ask a court to vacate an arbitration award"). Accordingly, the trial court erred by denying Robert's motion to confirm the arbitration award. *See New Med. Horizons*, 317 S.W.3d at 431.

We therefore sustain Robert's first issue. Because that issue is dispositive, we need not consider Robert's arguments about whether April asserted a proper statutory ground to vacate, modify, or correct the arbitration award. TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's order denying Robert's motion to confirm the arbitration award and render judgment confirming the award.

Beth Watkins, Justice