**Opinion issued June 17, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00758-CV
_____

**MARC BOB, Appellant**

**V.**

**ROSEHILL ENTERPRISES, L.L.C., Appellee**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-15417**

---

**MEMORANDUM OPINION**

This is an appeal from a trial court's order confirming an arbitration award and declining to modify it.

We affirm.

## Background

Marc Bob entered into a contract with Rosehill Enterprises, L.L.C.[1] to have a new heating and air conditioning system installed at his house. Bob was charged $10,044.00 for the installation. A few days later, Bob changed his mind and cancelled the contract. Rosehill refused to refund the payment, and the underlying dispute ensued.

Bob and Rosehill submitted their dispute to arbitration as provided for in their contract. The arbitrator found in favor of Bob and ordered Rosehill to refund the full payment of $10,044.00. Rosehill did not pay the award.

Almost a year later, Bob filed this lawsuit to modify and enforce the arbitration award. Bob alleged that Rosehill's failure to pay the arbitration award was a breach of the parties' arbitration agreement and he sought to have DTPA[2] treble damages and attorney's fees added to the award, and the award enforced.

Rosehill moved for summary judgment. It asserted that Bob's lawsuit was not the proper vehicle to confirm the arbitration award. And, in any event, the arbitration award is not a contract—and thus there could be no breach of it or any corresponding violation of the DTPA.

---

[1] According to Bob, he contracted with Rosehill under its former assumed name, "Houston Admiral Services."

[2] *See* TEX. BUS. & COM. CODE §§ 17.41-.63 (Deceptive Trade Practices Act).

Bob filed a cross-motion for summary judgment. He argued that Rosehill's failure to pay the arbitration award constituted a breach of the arbitration agreement and a violation of the DTPA—requiring that the award amount be modified to include DTPA treble damages and attorney's fees. A copy of the arbitration award was attached to Bob's motion.

The trial court signed a single order disposing of both motions. It denied Rosehill's request for summary judgment. And it granted Bob's cross-motion for summary judgment "to the extent [Bob] seeks confirmation of the June 17, 2021 arbitration award"—and ordered Rosehill to pay Bob "no less than $10,044.00." All other requests for relief in Bob's cross-motion were denied.

Bob now appeals.[3] He challenges the trial court's refusal to add DTPA treble damages and attorney's fees to the arbitration award. There is no challenge before us regarding confirmation of the arbitration award itself.[4]

---

[3]     *See* TEX. CIV. PRAC. & REM. CODE § 171.098; *see also id.* § 51.016.

[4]     Rosehill argues that the trial court erred in confirming the arbitration award, and in denying its motion for summary judgment, because Bob failed to properly seek confirmation by filing a motion under section 171.087 of the Texas Civil Practice and Remedies Code. But Rosehill did not file a cross-appeal and correctly concedes as much. Because Rosehill did not file a cross-appeal, any complaints it has about the trial court's confirmation of the arbitration award are not properly before us. *See* TEX. R. APP. P. 25.1(c); *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex. 2004).

## Arbitration Award

### *Standard of Review and Applicable Law*

We review a trial court's order confirming an arbitration award under a de novo standard.[5] *Port Arthur Steam Energy LP v. Oxbow Calcining LLC*, 416 S.W.3d 708, 713 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Because Texas law favors arbitration, the scope of our review is extraordinarily narrow, and we indulge every reasonable presumption in favor of upholding the award. *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016).

Under the Texas Arbitration Act (TAA), a party may ask a trial court to confirm an arbitration award anytime "at or after the conclusion of the arbitration." *See* TEX. CIV. PRAC. & REM. CODE § 171.083(3).[6] But if a party seeks to have an arbitration award judicially modified—it must ask a trial court to do so "not later than the 90th day after the date of delivery of a copy of the award to the applicant."

---

[5] The arbitration award does not state which Arbitration Act applies to it—Texas or Federal. The arbitration award does show that both parties reside in Texas, their contract was made in Texas, and the contracted-for work was to be performed in Texas. And the award itself is premised on Texas law. Moreover, neither party argues that the Federal Arbitration Act (FAA) applies. Consequently, we look to the Texas Act here—but our disposition is the same under either Act.

[6] Under the FAA, a motion to confirm an arbitration award must be filed "within one year after the award is made." 9 U.S.C.A. § 9.

*Id.* § 171.091(b).[7]  Failure to timely file a motion to modify an arbitration award results in a forfeiture of the right to judicial review of the award.[8] *Moody Nat'l Grapevine MT, LP v. TIC Grapevine 2, LP*, 651 S.W.3d 450, 458 (Tex. App.—Houston [14th Dist.] 2022, pet. denied); *see also ABNL Ltd. v. Baker Hughes Processing Sys.*, No. H-04-4662, 2005 WL 8164068, at *10 (S.D. Tex. May 16, 2005).

Additionally, under both the Texas and Federal Acts, a trial court's power to modify an arbitration award is limited.  An arbitration award may be modified only if (1) the award contains an evident miscalculation of numbers or mistake in the description of a person, thing, or property referred to in the award; (2) the arbitrators have made an award with respect to a matter not submitted to them; or (3) the form of the award is imperfect in a manner not affecting the merits of the controversy. *See* TEX. CIV. PRAC. & REM. CODE § 171.091(a); *see also* 9 U.S.C.A. § 11.

If a requested modification is granted, the trial court shall modify the award to effect its intent and "*shall* confirm the award as modified." TEX. CIV. PRAC. &

---

[7]  The same is true under the FAA—"Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C.A. § 12.

[8]  And a motion to modify an arbitration award must also be raised or considered before or simultaneously with a motion to confirm the award, otherwise it is waived. *See Hamm v. Millennium Fund, L.L.C.*, 178 S.W.3d 256, 269 (Tex. App.—Houston [1st Dist.] 2005, pet. denied), *cert. denied*, 549 U.S. 888 (2006).

REM. CODE §171.091(c) (emphasis added).  And if the requested modification is not granted, the trial court "*shall* confirm the award." *Id.* (emphasis added).

"Summary judgment motions are not required for the trial court to confirm, modify, or vacate an arbitration award." *New Med. Horizons II, Ltd. v. Jacobson*, 317 S.W.3d 421, 426–27 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (internal quotations omitted).  "However, if a party chooses to follow summary judgment procedure rather than the simple motion procedure authorized by the [TAA], it assumes the traditional burdens and requirements of summary judgment practice." *Id*.  Accordingly, although we apply the standards of review applicable to arbitration, we also apply those applicable to summary judgments. *See Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 430–31 (Tex. App.—Dallas 2004, pet. denied).

As applied here, Bob had the burden to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).  We must review the summary judgment record in the light most favorable to the nonmovant, Rosehill, and indulge every reasonable inference and resolve any doubts against the motion. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021).

### Discussion

As a predicate matter, the record shows that Bob's request for judicial modification of the arbitration award was untimely.  The arbitrator signed the award

6

on June 17, 2021. Bob does not dispute that "delivery" of the arbitration award was made that same day. *See* TEX. CIV. PRAC. & REM. CODE §171.091(b); *see also* 9 U.S.C.A. § 12. However, Bob did not commence this suit seeking judicial modification and enforcement of the arbitration award until March 14, 2022—well past the 90-day statutory deadline. *See* TEX. CIV. PRAC. & REM. CODE § 171.091(b); *Garza v. Phelps Dodge Refining Corp.*, 262 S.W.3d 514, 519–20 (Tex. App.—El Paso 2008, no pet.); *see also* 9 U.S.C.A. § 12.

As a result, the trial court was without authority to modify the arbitration award as a matter of law. *See Moody*, 651 S.W.3d at 459–60; *Garza*, 262 S.W.3d at 519–20. On this basis alone, affirmance is required.

But even if Bob had made a timely request to modify the award, our result here would be the same. In that regard, Bob argued in his motion that he was entitled to have DTPA treble damages and attorney's fees added to the arbitration award and for the arbitration award to be enforced against Rosehill. And he attached the arbitration award. Bob was thus entitled to confirmation of the award—unless valid grounds were offered for vacating, modifying, or correcting it. *See* TEX. CIV. PRAC. & REM. CODE §§ 171.087, 171.091(c); *Jacobson*, 317 S.W.3d at 428. He failed to clear the latter hurdle.

Specifically, none of Bob's requested substantive changes to the amount of the award—additional damages and attorney's fees—fall within any of the

7

statutorily authorized bases for judicial modification of an arbitration award.[9] *See* TEX. CIV. PRAC. & REM. CODE §171.091(a); *see also* 9 U.S.C.A. § 11. As a result, the trial court had no basis to modify the arbitration award and was required, under both the TAA and FAA, to confirm it. *See Hamm v. Millennium Fund, L.L.C.*, 178 S.W.3d 256, 262 (Tex. App.—Houston [1st Dist.] 2005, pet. denied), *cert. denied*, 549 U.S. 888 (2006).

Accordingly, we hold that the trial court did not err in refusing to modify the arbitration award with additional damages and attorney's fees and in confirming the award.

## Conclusion

For all of the reasons above, we affirm the trial court's order in all things.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

---

[9] *See Moody Nat'l Grapevine MT, LP v. TIC Grapevine 2, LP*, 651 S.W.3d 450, 458–59 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) (additional attorney's fees and interest constituted modifications to arbitration award); *Garza v. Phelps Dodge Refining Corp.*, 262 S.W.3d 514, 519–20 (Tex. App.—El Paso 2008, no pet.) (motion to confirm arbitration award requesting additional relief essentially "sought modification of the award from the trial court"); *see also New Med. Horizons II, Ltd. v. Jacobson*, 317 S.W.3d 421, 428–29 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (considering pleadings the "equivalent of applications" under TAA to modify award).